**Darrell BAILEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 11, 1980.

Jack Emory Farley, Public Advocate, Randall L. Wheeler, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, WHITE and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from a post-judgment order denying appellant credit for time spent in custody prior to the commencement of serving a sentence.

On June 2, 1979, Darrell Bailey escaped from custody at Blackburn Correctional Complex and was captured the same day. He was subsequently indicted for second-degree escape, entered a plea of guilty, and received a sentence of one year, to be served after completion of his prior sentence. The judgment denied appellant credit for the time he was in custody in the Metro Detention Center as against his one-year sentence received for conviction of second-degree escape, but indicated that he would receive credit from the Bureau of Corrections against the sentence he was serving when he escaped.

KRS 532.120(5) deals with credit for time spent in custody following an escape and provides:

> If a person serving a sentence of imprisonment escapes from custody, the escape interrupts the sentence. The interruption continues until the person is returned to the institution from which he escaped or to an institution administered by the bureau of corrections. Time spent in actual custody prior to return under this subsection shall be credited against the sentence if custody rested solely on an arrest or surrender for the escape itself.

In this case, Bailey escaped from custody while serving a sentence. He was arrested the same day, and subsequently indicted for the offense of second-degree escape. He spent 72 days in custody at the Metro Detention Center before being returned to a bureau of corrections administered facility.

We believe the statute above quoted does not provide credit against the prior sentence where the defendant is indicted on a charge of escape. Here, the 72 days spent at the Metro Detention Center was the result of the *indictment* for second-degree escape, and thus credit for that time would be given against the sentence for conviction of second-degree escape, KRS 532.120(3), but not against the sentence being served at the time of the escape.

So much of the final judgment of sentence of imprisonment as denies appellant credit for time spent prior to commencement of sentence for escape in the second degree is reversed with directions to enter an order in conformity with this opinion.

All concur.