Antonio MILLS, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 12, 1986.

Rehearing Denied Oct. 31, 1986.

Discretionary Review Denied by
Supreme Court March 4, 1987.

Frank W. Heft, Jr., Chief Appellate Defender of Jefferson Dist. Public Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

In this case, the appellant seeks a credit against his sentence for the entire 154 days he was incarcerated prior to his conviction.

On February 27, 1985, the appellant was arrested and placed in the Jefferson County Jail pursuant to an indictment for three counts of criminal possession of a forged instrument in the second degree, and one count of persistent felony offender in the first degree. On March 19, 1985, a preliminary parole revocation hearing was held, in which probable cause was found that appellant had violated his parole. Although the record is not completely clear on this point, the appellant and the Commonwealth agree the parole violation stemmed from the charges in Jefferson County. On March 23, 1985, the appellant was moved to the Kentucky State Reformatory. The appellant was unable at any time to post bail.

On June 28, 1985, the appellant entered a guilty plea to the three counts of possession of a forged instrument and a reduced charge of persistent felony offender in the second degree. The concurrent sentences were to run consecutively with any sentence he was serving on other charges. The trial court sentenced the appellant to three enhanced terms of 10 years, to be served concurrently. The trial court credited the appellant for 24 days spent in the Jefferson County Jail between February 27, 1985, and March 23, 1985.

The appellant contends that under KRS 532.120(3), his 10–year term should be credited for the entire 154 days he spent in custody prior to his sentencing.

KRS 532.120(3) provides that:

Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of such sen-

tence shall be considered for all purposes as time served in prison.

It appears to us that the central issue in the case at bar is whether the time spent by the appellant in custody at the Kentucky State Reformatory prior to his sentencing pursuant to his guilty plea was "as a result of" the charges that prompted his arrest on February 27, 1985.

The Commonwealth maintains that KRS 532.120(3) is limited to situations where the time spent in custody prior to commencement of a sentence is solely due to the offense for which a defendant is sentenced. The Commonwealth further argues that *Handley v. Commonwealth*, Ky.App., 653 S.W.2d 165 (1983), is dispositive of the instant case.

In *Handley*, the defendant was arrested on five counts of forgery in the second degree in Franklin County. The defendant was later released on bail from the Franklin County jail. While still on bail, the defendant was arrested in Jefferson County on charges of criminal possession of a forged instrument in the second degree. The offense resulting in the Jefferson County charges also occurred while the defendant was on bail from Franklin County.

The defendant remained in the Jefferson County jail until he entered a guilty plea to a misdemeanor and was sentenced to a twelve-month term. Subsequently, he was returned to Franklin County where the defendant pleaded guilty to all five counts of forgery. The defendant was sentenced to one year on each count, to run concurrently, but to run consecutively with the Jefferson County jail term he was serving at the time.

The defendant sought credit on his Franklin County sentence for all of the time served in the Jefferson County jail. This Court stated that, under KRS 532.-120(3), credit for time spent in custody prior to the commencement of a sentence is given only where the custody was a result of the charge that culminated in his sentence. Because the defendant's time spent in the Jefferson County jail had nothing

whatsoever to do with the offense or subsequent conviction in Franklin County, the court held the defendant was not entitled to any credit for any time served in Jefferson County. *Id.* at 166.

We do not agree with the Commonwealth that *Handley, supra,* is controlling in the instant case. It appears that the appellant's imprisonment in the Kentucky State Reformatory due to parole revocation would not have occurred but for his indictment in Jefferson County. Thus, the time served in the reformatory was clearly "a result of the" charges that culminated in his sentence. Thus, unlike *Handley, supra,* the incarceration and the subsequent charge are related. However, it is also clear that the appellant would not have had his parole revoked and then been imprisoned at a state facility had he not committed a prior offense. Thus, the language "as a result of" in KRS 532.120(3) is somewhat ambiguous and does not provide much guidance in cases such as the one at bar.

For aid in interpreting KRS 532.120(3), we look to the commentary to the penal code. Such use of the commentary is permitted by KRS 500.100. *See Williams v. Commonwealth,* Ky.App., 639 S.W.2d 786 (1982); *Smith v. Commonwealth,* Ky.App., 587 S.W.2d 266 (1979). The commentary to KRS 532.120(3) provides that "[i]t should be noticed that this subsection provides credit only for the amount of time spent in custody for the offense for which an offender stands convicted." This statement offers a stronger indication that only the time spent in custody, which is solely due to the charge for which a defendant is ultimately sentenced, should be credited against that sentence.

An additional ground in support of the Commonwealth's position becomes apparent when one considers the effect of granting credit for the time spent due to the appellant's parole revocation. The appellant was on parole from a term of imprisonment imposed pursuant to a prior sentence and was returned to prison for violating the conditions of that parole. If credit is

given for the 130 days the appellant spent at the state facility, the appellant would, in effect, be rewarded for violating his parole in a way that resulted in a subsequent term of imprisonment. We do not believe the legislature had this intention in mind when it enacted KRS 532.120(3).

The appellant maintains that, regardless of which ruling was made at the parole revocation hearing, he would have been in jail 154 days because he would not have been able to pay his bail at any time. We find this argument without merit because it calls for speculation on the part of this Court and ignores the actual facts. Thus, we do not consider it.

Therefore, we hold that the trial court properly credited the appellant for 24 days.

This judgment is affirmed.

All concur.