**David M. MARTIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–CA–2072–MR.

Court of Appeals of Kentucky.

July 3, 1997.

Discretionary Review Denied by Supreme Court Dec. 10, 1997.

Elizabeth Shaw, Richmond, for appellant.

A.B. Chandler, III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

Before WILHOIT, C.J., and JOHNSON and MILLER, JJ.

### *OPINION*

JOHNSON, Judge.

David Martin (Martin) appeals the judgment of conviction and sentence entered on July 21, 1995, by the Jefferson Circuit Court which convicted him of escape in the second degree, in violation of Kentucky Revised Statutes (KRS) 520.030, and sentenced him to one year in prison. Martin argues that the trial court erred when it refused to give him credit for the time he spent in jail awaiting sentencing on the escape conviction. We affirm.

Martin's underlying conviction that preceded his escape was a misdemeanor conviction for nonsupport. Martin was serving his sentence by being confined to his residence pursuant to a home incarceration program. On May 9, 1995, Martin made an unauthorized departure from his home. He was arrested on May 15, and returned to the custody of the Metropolitan Department of Corrections of Jefferson County (Jefferson County Corrections). Martin pled guilty to the charge of escape in the second degree and was sentenced to prison for one year on July 14, 1995. During his sentencing hearing, Martin moved the trial court to give him credit against his one-year prison sentence for the escape for the time he had spent in jail unable to make bond on the escape charge. He sought credit from the time of his arrest on May 15 until the time of his sentencing on July 14. The trial court denied Martin's motion and gave him credit for one day. This appeal followed.

Martin argues that KRS 532.120(5) and *Bailey v. Commonwealth,* Ky.App., 598 S.W.2d 472 (1980), are controlling in this matter. KRS 532.120(5) provides as follows:

> If a person serving a sentence of imprisonment escapes from custody, the escape shall interrupt the sentence. The interruption shall continue until the person is returned to the institution from which he escaped or to an institution administered by the Department of Corrections. Time spent in actual custody prior to return under this subsection shall be credited against the sentence if custody rested solely on an arrest or surrender for the escape itself.

*Bailey* involved an inmate who had escaped from custody at Blackburn Correctional Complex and was captured the same day. Bailey received a one-year prison sentence for the escape conviction that was run consecutively with his prior sentence. The sentencing judgment denied Bailey credit against his one-year sentence for escape for the time he was in custody in the Metro Detention Center but indicated that he would get credit against the underlying sentence. In reversing the sentencing judgment, this Court held that KRS 532.120(5)

> does not provide credit against the prior sentence where the defendant is indicted on a charge of escape. Here, the 72 days spent at the Metro Detention Center was the result of the *indictment* for second-

degree escape, and thus credit for that time would be given against the sentence for conviction of second-degree escape, KRS 532.120(3), but not against the sentence being served at the time of the escape.

*Id.* at 473 (emphasis in original).

*Bailey* is distinguishable from the case *sub judice.* KRS 532.120(5) prohibited Bailey from receiving credit for time served on the underlying sentence until he was "returned to the institution from which he escaped or to an institution administered by the bureau of corrections." *Id.* Herein, the home incarceration program that Martin was under was merely an alternative form of custody or detention by the Jefferson County Corrections; and accordingly, upon his arrest for the escape, Martin was returned to Jefferson County Corrections. *See Stroud v. Commonwealth,* Ky., 922 S.W.2d 382, 384 (1996). KRS 532.120(5) did not prohibit Martin from receiving credit against his underlying misdemeanor sentence for nonsupport. Since Martin received credit for the time awaiting sentencing against the underlying misdemeanor sentence, he was not also entitled to credit against his one-year escape sentence. In fact, since KRS 532.110(4) required that Martin's sentence for the escape run consecutively with Martin's underlying misdemeanor sentence, he could not receive credit against both sentences. The holding in *Bailey* avoided the inequity of Bailey not receiving credit against *either* sentence. Here, since Martin received credit against the misdemeanor sentence, to also give him credit against the escape sentence would constitute an inequity in his favor.

The judgment of conviction and sentence is affirmed.

All concur.