RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0397-MR

MATTHEW STEWART                                 APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE JULIE KAELIN, JUDGE
        ACTION NOS. 20-CR-000869, 20-CR-001732 AND 21-CR-000866

COMMONWEALTH OF KENTUCKY                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: L. JONES, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Acting *pro se*, Matthew Stewart appeals from the Jefferson Circuit Court's denial of his motion challenging the Department of Corrections' ("Corrections") calculation of his custody time credit. We affirm.

## BACKGROUND

Pursuant to his combined guilty plea for all three cases involved in this appeal, Stewart received a total of ten-years' imprisonment. The trial court probated Stewart's sentence for five years but revoked his probation in 2024. Stewart did not appeal.

In January 2025, Stewart filed a request for review of his jail-time credit with Corrections. In relevant part, Stewart asserted he had not been given jail-time credit for the period between July 2019 and June 2020. Later in January 2025, an offender information supervisor wrote Stewart a letter ("the January 2025 letter"). That letter meticulously explained Corrections' calculations of Stewart's jail-time credits each day from July 1, 2019, to April 29, 2020. According to the January 2025 letter, Corrections had applied those jail-time credits to two felony convictions Stewart had received in the Oldham Circuit Court and to a Jefferson Circuit Court conviction unrelated to the three cases at issue in this appeal.

The January 2025 letter did not address the period between April 30, 2020, and June 30, 2020. However, a second, undated letter in the record from a probation officer to Stewart does ("the undated letter"). The undated letter noted that Stewart had been released on his own recognizance on April 20, 2020. That

assertion aligns with an April 20, 2020, order in case No. 20-CR-000869 which allowed Stewart to be released on his own recognizance.[1]

Stewart filed an unsuccessful administrative appeal within Corrections of the conclusions in the January 2025 letter. Stewart then filed a motion in the Jefferson Circuit Court challenging Corrections' calculation of his sentencing credits. *See* Kentucky Revised Statutes ("KRS") 532.120(9) ("An inmate may challenge a failure of the Department of Corrections to award a sentencing credit under this section or the amount of credit awarded by motion made in the sentencing court no later than thirty (30) days after the inmate has exhausted his or her administrative remedies."). Stewart argued Corrections should have allocated his jail-time credit to the three Jefferson County cases at hand instead of to the Oldham County convictions and the unrelated Jefferson County conviction. The trial court rapidly denied Stewart's motion, after which he filed this appeal.

**ANALYSIS**

"The right to jail-time credit is derived purely from statute." *Sanders v. Commonwealth*, 600 S.W.3d 266, 270 (Ky. App. 2020). Accordingly, whether

---

[1] Whether Stewart was in custody between late April 2020 and the end of June 2020 cannot be discerned by examining the indictments in the three cases before us. The indictment in Jefferson Circuit Court action No. 20-CR-001732 stems from conduct which occurred in October 2020. The indictments for the other two cases before us stem from conduct which occurred in 2019. We decline to scour further the roughly 700-page record for support for Stewart's contention that he was in custody for the full eleven months at issue in his jail-time credit challenge, especially since Stewart has incurred charges in additional cases whose records are not before us.

-3-

Stewart is entitled to jail-time credit is a question of law, and our standard of review, de novo. *See Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011) ("Because statutory interpretation is a question of law, our review is de novo[.]").

Turning to the merits, the exact contours of Stewart's *pro se* arguments are not always clear. However, we perceive Stewart to be raising two arguments: that Corrections has not provided him all the jail-time credits to which he is entitled, and that Corrections improperly assigned the jail-time credits to the Oldham County convictions and the unrelated Jefferson County conviction.

We may quickly resolve Stewart's claim that he is entitled to additional service credits. Though Stewart seems to contend that he received no jail-time credit from July 2019 to June 2020, the January 2025 letter shows that Corrections gave him a service credit for each day between July 1, 2019, and April 29, 2020. The undated letter explains why Stewart did not receive credits for the remainder of the 11-month period at issue—he was released on his own recognizance. Stewart has offered nothing to contradict the January 2025 letter or the undated letter. We thus agree with the trial court that Stewart has not shown that he is entitled to additional jail-time credit for the eleven months at issue.

We now turn to Stewart's argument that Corrections' allocation of the jail-time credit to the Oldham County convictions and the unrelated Jefferson County conviction violates the language of KRS 532.120(3). As we perceive it,

-4-

Stewart asserts that he was in custody from July 2019 to June 2020 on the criminal charges against him in the three cases at hand, not the Oldham County convictions or the unrelated Jefferson County case, and so his jail-time credit for that period should have been allocated towards his sentence for the three cases at hand.

Corrections Policy and Procedure ("CPP") 28-01-08 generally provides that Corrections will apply jail-time credit towards the oldest sentence when a defendant is in custody on multiple sentences or charges. *See* https://corrections.ky.gov/About/cpp/Documents/28/CPP%2028-01-08.pdf (last visited Jan. 15, 2026).[2] Stewart contends CPP 28-01-08's "oldest first" credit allocation policy violates the requirement in KRS 532.120(3) that "[t]ime spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment in cases involving a felony sentence[.]" The Commonwealth does not directly address Stewart's argument that CPP 28-01-08 conflicts with KRS 532.120(3).

To receive appellate relief, an appellant must make two baseline showings: 1) that a trial court erred and 2) that error caused the appellant to suffer prejudice. The prejudice requirement exists because not every stray, unimpactful

---

[2] CPP 28-01-08 is incorporated by reference into 501 Kentucky Administrative Regulations ("KAR") 6:270(1). Thus, the policy facially has "the full force and effect of law." *Aubrey v. Office of Attorney General*, 994 S.W.2d 516, 520 (Ky. App. 1998).

error entitles a party to appellate relief. Indeed, Kentucky Rule of Criminal Procedure ("RCr") 9.24 requires us to "disregard any error or defect in the proceeding that does not affect the substantial rights of the parties." Stewart has not made either mandatory showing.

First, Stewart has not shown the existence of an error because he has not adequately explained how CPP 28-01-08 directly contravenes KRS 532.120(3). When a person, such as Stewart, is in custody on numerous charges then Corrections must allocate the person's jail-time credit towards the proper charge(s). There is nothing inherently illogical or unmistakably contrary to KRS 532.120(3) in the allocation procedure outlined in CPP 28-01-08. Stewart has not shown that he was solely in custody during the relevant period on the charges contained in the three cases before us. Moreover, accepting Stewart's argument would seemingly allow him to impermissibly "double dip," or receive credit twice, which is improper. *See, e.g.*, *Martin v. Commonwealth*, 957 S.W.2d 262 (Ky. App. 1997); *Mills v. Commonwealth*, 723 S.W.2d 859 (Ky. App. 1986).

Second, Stewart also has not shown how application of CPP 28-01-08 caused him to suffer specific prejudice. For example, Stewart has not shown that application of CPP 28-01-08 delayed his parole eligibility or otherwise required him to remain in custody longer than the service time required if Corrections had allocated the credits in the manner Stewart prefers. Instead, Stewart only asserts

without explanation that allocating jail-time credit per the procedure outlined in CPP 28-01-08 "most certainly will affect [his] liberty . . . ." Appellant's Reply Brief, p. 4. "Such a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief." *Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021).

Consequently, even if there were a degree of disconnection between the jail-time credit allocation formula in CPP 28-01-08 and the allocation language in KRS 532.120(3), that disconnection would be a harmless error under RCr 9.24 because Stewart has not shown how it negatively impacted his substantial rights.[3]

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court is affirmed.

ALL CONCUR.

---

[3] Although our analysis does not follow precisely that utilized by the trial court, we may affirm on alternate grounds. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). Also, we have examined the parties' briefs but have concluded any arguments therein which we have not discussed are "without merit, irrelevant, or redundant." *Schell*, 640 S.W.3d at 29 n.1.

BRIEFS FOR APPELLANT:

Matthew Stewart, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky