**David Lee ROSE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 86–CA–2200–MR.

Court of Appeals of Kentucky.

Sept. 4, 1987.

Discretionary Review Denied by Supreme Court Nov. 17, 1987.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender, Louisville (Daniel J. Goyette, Jefferson District Public Defender, of counsel), for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

CLAYTON, Judge.

David Lee Rose appeals from a final judgment imposing a sentence of five (5) years and disallowing credit on the felony sentence for time served on misdemeanor charges committed while on release awaiting trial. We affirm the sentence of the trial court.

In October, 1985, David Lee Rose was indicted for two felony counts. Rose posted bond on the felonies, but while out on release, he committed some misdemeanor offenses. After he was arrested for the misdemeanor charges and was being held in custody on those charges, Rose surrendered the bond on the felony counts. While in custody, he was sentenced to two terms of 90 days each to be served consecutively on the misdemeanor charges. Once he served all of the time sentenced on the misdemeanors, Rose again posted bond in regard to the felony charges. He subsequently pled guilty to the felonies.

At sentencing, the trial court denied the defense motion to give Rose credit on the felony charges for time served between October 28, 1985, and April 23, 1986, the time spent in jail serving on the misdemeanor sentences. The sole issue on appeal is whether the court erred in that regard.

At issue, is the construction and application of three different statutes, i.e. KRS 532.110(1)(a) dealing with concurrent and consecutive terms of imprisonment, KRS 532.120(3) dealing with the calculation of terms of imprisonment and KRS 533.060(3), sentences imposed for offenses committed while waiting trial. We rule that the trial court did not err in failing to give Rose credit for the time served for the misdemeanors committed while he was released and awaiting trial.

KRS 533.060(3) specifically states:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall *not* run concurrently with confinement for the offense for which that person is awaiting trial. (emphasis, ours).

If that were the only legislative enactment dealing with this situation, the case would be simple enough. However, KRS 532.110(1) gives trial courts discretion in deciding to run sentences concurrently or consecutively, with certain stated exceptions. A specific exception is stated in (a) where it states:

A definite (a misdemeanor pursuant to KRS 532.090) and an indeterminate (a felony pursuant to KRS 532.060) term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term; (explanation, ours).

There is yet another legislative enactment that applies. KRS 532.120(3) states:

Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Court imposing sentence toward service of the maximum term of imprisonment. If the

sentence is to be indeterminate term of imprisonment, the time spent in custody prior to the commencement of such sentence shall be considered for all purposes as time served in prison.

It goes without saying that the statutes cannot be reconciled. However, *Handley v. Commonwealth,* Ky.App., 653 S.W.2d 165 (1983), deals with this problem squarely. The difference in the fact situation in *Handley, supra,* and this situation is that *Handley* committed his offenses in two different counties. That is the sole distinction. In that case, the court stated, "We believe that KRS 533.060(3) much more clearly and specifically fits the facts of the appellant's case." The legislative policy in regard to stricter sentencing for offenses committed while released on bail will be followed. For example, although *Devore v. Commonwealth,* Ky., 662 S.W.2d 829 (1984), dealt with subsection (2) of KRS 533.060 that requires consecutive sentences for felonies committed while released on parole, we find the reasoning persuasive. In that case, the legislative intent was ruled controlling in that stiff penalties are to be imposed for those who commit crimes while on parole. That rationale has been consistently upheld in Kentucky law. *Commonwealth v. Hunt,* Ky.App., 619 S.W.2d 733 (1981); *James v. Commonwealth,* Ky., 647 S.W.2d 794 (1983); *Corbett v. Commonwealth,* Ky., 717 S.W.2d 831 (1986).

Counsel for the defense makes the very sophisticated and generally appropriate argument that where statutes cannot be reconciled, the one passed latest in time controls. *Commonwealth v. Hunt, supra; Handley v. Commonwealth, supra.* However, an analysis of the conflicting sections shows that of the specific subsection of the various statutes that contradict each other, KRS 533.060(3) was the one passed latest in time using its current language.

Therefore, we affirm the trial judge's denial of credit for the time served on the misdemeanor committed while the appellant was released on bail awaiting trial on the felony.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.