**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Charles Brian WILCOXSON, Appellee.**

**No. 91–CA–491–MR.**

Court of Appeals of Kentucky.

Oct. 16, 1992.

Discretionary Review Denied by Supreme Court March 11, 1993.

Chris Gorman, Atty. Gen., Frankfort, Steve Schroering, Asst. Com. Atty., Louisville, for appellant.

Daniel T. Goyette, Bruce P. Hackett, Frank William Heft, Jr., Leo G. Smith, Louisville, for appellee.

Before EMBERTON, GUDGEL and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment sentencing the appellee to two three-year terms of imprisonment to be served concurrently. The Commonwealth contends that by virtue of KRS 533.060(3) the trial court was required to run the sentences consecutively.

On August 21, 1990, the appellant was arrested after a chase by police on charges including receiving a stolen automobile and wanton endangerment. While awaiting indictment on these charges he escaped from jail. As a result of the escape he was also charged with second-degree escape and criminal mischief. An indictment was returned on the first set of charges and another indictment on the subsequent charges. A plea bargain was made between the appellee and the prosecutor which provided among other things that in return for pleas of guilty to the charges in the two indictments, the prosecutor would recommend to the court that the sentences for the charges in each indictment run concurrently so that each indictment would result in a three-year sentence, but that the sentences under the second indictment "must be served consecutively [to the sentences under the first] as offense committed while awaiting trial on former charge."

KRS 533.060(3) provides as follows:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with con-

finement for the offense for which said person is awaiting trial.

The trial court, taking note of the plea bargain and ascertaining that the appellant's guilty plea was voluntary, accepted them. At sentencing, however, after reviewing the appellee's previous record and being made aware that at the time of his escape from jail the appellant had not yet been indicted for the offenses which landed him in jail, the court announced that it intended to run the sentences under the second indictment concurrently with those under the first indictment. The court reasoned that because the appellant had not yet been indicted on the charges arising out of his operation of a stolen automobile, he could not have been "awaiting trial" on those charges in the circuit court (there had been no waiver of indictment and information filed) and the district court was wholly without jurisdiction to try felony cases. The prosecutor made no objection to the court's announcement and reasoning, although she had previously stated to the court that she believed the sentences under the second indictment must be served consecutively to those under the first because the escape was made while awaiting trial.

Even if this question can be said to have been properly preserved under RCr 9.22, we believe the trial court was correct in its reasoning. At the time of his escape, the appellee was not awaiting trial but a possible indictment by the grand jury. Perhaps the General Assembly in the future may elect to impose mandatory consecutive sentences in cases such as this. To date it has not done so, and we may not act to do so in its stead.

The Commonwealth also contends that the concurrent sentencing here was contrary to KRS 532.110(4). This contention was never in any way presented to the trial court and may not be raised for the first time on appeal.

The circuit court judgment is affirmed.

All concur.