**COMMONWEALTH of Kentucky, Appellant,**

v.

**Darren Dwon BRASHER, Appellee.**

**No. 91–CA–286–MR.**

Court of Appeals of Kentucky.

Dec. 18, 1992.

Chris Gorman, Atty. Gen., Frankfort, Jan Firkins Goose, Special Asst. Atty. Gen., Louisville, for appellant.

Margaret Foley Case, Timothy T. Riddell, Dept. of Public Advocacy, Frankfort, for appellee.

Before EMBERTON, HOWERTON and JOHNSON, JJ.

HOWERTON, Judge.

The Commonwealth appeals from an order running Darren Brasher's sentence in 90–CR–1295 concurrently with a prior sentence in 89–CR–1395. The Commonwealth argues that KRS 533.060(3) requires that the sentence in the second conviction run consecutively with the prior offense. Although we are well aware that the legislature has provided greater penalties for persons who commit multiple offenses, we nevertheless must conclude that the plain language of KRS 533.060(3) provides a gap which makes the statute inapplicable to Brasher's situation. KRS 532.110(1) is therefore applicable, giving the trial judge some discretion in deciding whether to run the sentences concurrently or consecutively. We affirm the order of the Jefferson Circuit Court.

Brasher entered a guilty plea to Indictment 89–CR–1395, and while awaiting sentencing, he committed two offenses of trafficking in cocaine for which he was indicted in Action No. 90–CR–1295. On the earlier indictment, Brasher received a three-year sentence, probated for five years. As to the later indictment which involved two counts, Brasher was sentenced to two, five-year terms to run concurrently. The trial court revoked Brasher's probation and ordered the five-year sentences to run concurrently with the three-year sentence for a total of five years. The Commonwealth argues that the sentences for the two in-dictments should run consecutively for a total of eight years. KRS 533.060(3) reads:

> When a person commits an offense *while awaiting trial* for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which said person is awaiting trial. (Emphasis added.)

KRS 532.110(1) provides that "[w]hen multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of the sentence," subject to certain exceptions not applicable here.

■ The Commonwealth correctly argues that the conflict between these two statutes has been resolved in *Commonwealth v. Martin*, Ky.App., 777 S.W.2d 236 (1989); *Rose v. Commonwealth*, Ky.App., 738 S.W.2d 835 (1987); and *Handley v. Commonwealth*, Ky.App., 653 S.W.2d 165 (1983). Generally, when a later-enacted and more specific statute conflicts with an earlier-enacted and more general statute, the subsequent and specific statute will control. However, Brasher argues that KRS 533.060(3) is not applicable, and we reluctantly agree.

■ Brasher contends that since he had already pled guilty in 89–CR–1395 and was awaiting sentencing, he does not fit within the scope of KRS 533.060(3). Clearly he was not awaiting trial at the time the subsequent offenses were committed. There was to be no "trial" for his particular sentencing. Although we agree with the Commonwealth that the legislature has shown an intent to deal more harshly with defendants who commit additional crimes while awaiting trial, or while on probation, shock probation, conditional discharge, or parole, the legislature nevertheless left a gap between the trial and sentencing, as well as between arrest and indictment. It is gen-

erally considered that one is not "awaiting trial" before indictment or after guilt is established. We might look differently at a bifurcated trial which would require separate trials on the issues of guilt and punishment. Brasher was only awaiting "[t]he postconviction stage of the criminal justice process in which the defendant is brought before the court for imposition of sentence." *Black's Law Dictionary* 1363 (6th ed. 1990).

If the legislature wishes to amend the statute to bridge this gap, it may do so at its discretion. In the meantime, there is no conflict between KRS 533.060(3) and KRS 532.110(1) as they apply to Brasher, and the trial judge had the discretion to sentence Brasher as he did. While we have given a narrow interpretation to the statute, we nevertheless are convinced that the clear language applies only while one is awaiting trial. Although Brasher had pled guilty and conceivably could have withdrawn his plea prior to sentencing and then had a trial, he was awaiting sentencing only and accepted his sentence. We cannot engraft a condition on the manner of sentencing which the legislature has not seen fit to do. *Cf. Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984).

The order of the trial court providing for concurrent sentences is affirmed.

All concur.