**Casey Arnold PETTIWAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 92–SC–977–MR.**

Supreme Court of Kentucky.

Sept. 2, 1993.

J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., David A. Smith, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

SPAIN, Justice.

Casey Arnold Pettiway, the appellant, appeals as a matter of right his conviction by a Jefferson Circuit Court jury of first-degree robbery, for which he was sentenced to fifteen years' imprisonment. Subsequently, the sentence was enhanced to twenty years because Pettiway was found to be a first-degree persistent felony offender (PFO). This finding was based on Pettiway's three previous criminal convictions: third-degree burglary (two counts) and receiving stolen property (two counts) on March 14, 1989; third-degree burglary on an additional indictment on March 14, 1989; and first-degree bail jumping on October 29, 1990.

The conviction on October 29, 1990, was entered following a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Pettiway's counsel objected to the introduction of this conviction based on an *Alford* plea in the PFO hearing, claiming it was inadmissible according to the Kentucky Rules of Evidence. KRE 803(22) and 410. In response, the Commonwealth argued that these exclusions to the hearsay rule exceptions applied only to the "pleas" themselves and not to the resulting "convictions" in the *Alford* scenario. The trial judge agreed with the Commonwealth that the

rules of evidence limit the introduction of the pleas only as evidence, and allowed the jury to consider this prior *Alford* conviction when ruling on Pettiway's PFO status.

The sole issue on appeal is whether the Kentucky Rules of Evidence bar a jury from considering convictions obtained through *Alford* pleas when determining whether to enhance the sentences as first-degree PFOs. Appellant argues that if *Alford* pleas were to be excepted from the hearsay exclusion rules, then specific provisions would exist to allow their introduction into evidence. Further, the appellant argues that under an *Alford* plea the defendant does not admit guilt, but merely accepts the punishment. Finally, he argues that an *Alford* plea has no probative value and should be excluded as hearsay.

KRE 803(22) states, "Evidence of a final judgment entered ... upon a plea of guilty ..." is not excluded by the hearsay rules. An *Alford* plea is a "plea of guilty," regardless of any denial of underlying facts, and clearly constitutes a criminal conviction. Even though KRE 803(22) and 410 exclude the introduction of an *Alford* plea as an admission against interest, this exclusion has no relationship to the use of an *Alford* plea to enhance a sentence in a PFO hearing. Thus, we hold that a conviction obtained by an *Alford* plea is admissible as evidence in determining PFO status, just as is a conviction where the accused has entered a plea of not guilty.

The judgment of the Jefferson Circuit Court, in accordance with this opinion, is affirmed.

All concur.