John Jay WHALEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–001076–MR.

Court of Appeals of Kentucky.

Jan. 20, 1995.

Bruce P. Hackett, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, Daniel T. Goyette, Jefferson Dist. Public Defender, of counsel, for appellant.

Chris Gorman, Atty. Gen., David E. Spenard, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, JOHNSON and McDONALD, JJ.

HUDDLESTON, Judge.

John Jay Whalen appeals from a Jefferson Circuit Court judgment convicting him of first-degree bail jumping, as well as several offenses arising out of confrontations with his ex-wife and the entry upon and the destruction of her property. As grounds for reversal of his convictions, he points to five allegedly erroneous rulings by the trial court. *First,* Whalen says, the court should have granted the motion for continuance he made just before his trial began. *Second,* he contends, the court should have stricken for cause three jurors who allegedly fell asleep during the voir dire examination and a fourth juror who had been a rape victim. *Third,* he insists, the court should have instructed the jury on the lesser-included offense of bail jumping in the second degree. *Fourth,* he asserts, the court erred during the sentencing phase of the trial when it permitted the jury to hear evidence that he had a prior conviction that resulted from a so-called *Alford* plea in violation of Rule 410(2) of the Kentucky Rules of Evidence (KRE). *Fifth,* and finally, Whalen maintains, the jury should have been instructed at the conclusion of the sentencing phase of the trial to recommend whether his sentences should run concurrently or consecutively, and the court should have considered the possibility of imposing concurrent sentences.

The charges against Whalen were based on two incidents involving his ex-wife, Lori Whalen, that occurred in August 1991 and in August 1992. John and Lori Whalen were divorced in March 1991, following a stormy relationship. At the time of the divorce, Whalen was serving a jail sentence that resulted from offenses committed against Mrs. Whalen. In August 1991, subsequent to Whalen's release from jail, Lori obtained an emergency protective order (EPO) after Whalen entered her home without permission, cursed her and threatened her. The following day, Whalen again entered her home, sprayed obscene words and drawings on the walls, and removed several items of personal property. He was arrested at the scene, but was released on bond. He later failed to appear in court as scheduled to answer the charge of second-degree burglary arising out of the invasion of Lori's home.

In August 1992, Whalen once again entered Lori's home, this time using a ladder to gain entrance through a window after he had disconnected the telephone. Lori testified that Whalen forced her to engage in inter-

course and orally sodomized her. Whalen insists that the sexual relationship was consensual.

As a result of these incidents, Whalen was charged with a number of crimes, including first-degree rape and first-degree sodomy. He was convicted of Burglary in the Second Degree stemming from the 1991 incident, a violation of Ky.Rev.Stat. (KRS) 511.030; Bail Jumping in the First Degree, KRS 520.070; Criminal Trespass in the First Degree (two counts), KRS 511.060; Criminal Mischief in the Third Degree, KRS 512.040; and Alcohol Intoxication, KRS 222.202(1).

On the morning of March 2, 1993, when the charges against Whalen came on for trial, he moved the court to continue his trial. He later moved the court to sever the bail jumping charge. The basis for the motions was that Whalen's counsel had just been informed by Whalen of the name of a witness with information relevant to Whalen's ability to appear in court as scheduled and counsel had not had an opportunity to interview him or her. Whalen and his counsel declined to identify the witness, despite the court's request that they do so and despite its offer to forthwith order the witness's personal attendance in court.

Ky.R.Crim.Proc. (RCr) 9.04 governs the postponement of hearings and trials. It provides that:

> The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. If the attorney for the commonwealth consents to the reading of the affidavit on the hearing or trial as the deposi-

tion of the absent witness, the hearing or trial shall not be postponed on account of his absence. If the commonwealth does not consent to the reading of the affidavit, the granting of a continuance is in the sound discretion of the trial judge.

■ Whalen did not submit an affidavit to the court so that it could determine whether the witness had relevant testimony to offer. Nor did he avail himself of the opportunity to obtain an order of personal attendance for the witness. He did not explain to the trial court, and he offers us no explanation, why he waited until the morning of trial to identify the witness to counsel who had been representing him for several months. Neither does he offer any basis for the severance of the bail jumping charge or cite any authority in support of his motion to sever. In the circumstances, we detect no abuse of discretion by the trial court in its denial of the motions and so will not disturb its rulings. *Estep v. Commonwealth*, Ky., 663 S.W.2d 213, 216 (1983); *Cannon v. Commonwealth*, Ky., 777 S.W.2d 591, 597 (1989).

■ Whalen claims that three jurors fell asleep during the jury selection process. If, in fact, the jurors did fall asleep during the voir dire examination—and there is no evidence that they did—the trial court was not requested to take any corrective action at the time. Only later did Whalen move to strike them for cause. The court denied the motion, and two of the jurors were preemptively struck by the Commonwealth. The remaining juror apparently was ill. It is not evident from the record that the latter juror missed any questions, and Whalen made no effort to find out if he did. The court did not err in denying Whalen's motion to strike the jurors.

■ Whalen also faults the court for failing to grant his motion to strike a juror who had been raped by her step-father.[1] The juror was questioned extensively at the bench. Her answers satisfied the court, as they do us, that the juror could objectively evaluate the evidence relating to all counts of the indictment and render a fair verdict.

---

1. It will be remembered that Whalen was charged with rape and sodomy, but convicted of neither.

Again, we conclude that the court did not abuse its discretion in refusing to strike the juror for cause. *Stoker v. Commonwealth,* Ky., 828 S.W.2d 619, 625 (1992); *Stark v. Commonwealth,* Ky., 828 S.W.2d 603, 608 (1991).

Whalen was convicted of Bail Jumping in the First Degree, a violation of KRS 520.070. He contends that the court erred in not instructing on what he describes as the lesser-included offense of Bail Jumping in the Second Degree, KRS 520.080. The Commonwealth responds, correctly, that second-degree bail jumping is not a lesser-included offense of first-degree bail jumping. First-degree bail jumping requires proof the defendant, having been charged with a *felony* and having been released from custody by court order upon condition that he subsequently appear at a specified time and place, intentionally failed to appear. Second-degree bail jumping relates to a defendant who has been charged with a *misdemeanor.*

■ A statutory definition of the phrase "included offense" is found in KRS 505.020(2):

A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

As this Court said in *Hart v. Commonwealth,* Ky.App., 768 S.W.2d 552, 553 (1989):

The fact that evidence at trial could support a guilty verdict on an uncharged offense that is less serious in nature or less difficult to prove than a charged offense does not establish that the former is a lesser offense which is necessarily included in the latter.

In short, we hold that second-degree bail jumping is not a lesser-included offense of first-degree bail jumping and that the court was not required to instruct on the latter offense. *See generally,* William S. Cooper, *Kentucky Instructions to Juries* (Criminal) § 7.32 (4th ed. 1993).

■ Whalen's argument that Rule 410(2) of the Kentucky Rules of Evidence precluded the introduction in the sentencing phase of his trial of evidence that he had been adjudged guilty of a felony following a plea of nolo contendere according to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), was addressed by the Kentucky Supreme Court in *Pettiway v. Commonwealth,* Ky., 860 S.W.2d 766 (1993). There the Court said that "[e]ven though KRE 803(22) and 410 exclude the introduction of an *Alford* plea as an admission against interest, this exclusion has no relationship to the use of an *Alford* plea to enhance a sentence in a PFO [persistent felony offender] hearing." *Id.* at 767. We agree with the Commonwealth that the same principle and logic is applicable to the sentencing phase of the trial where the jury is to be informed of the defendant's prior criminal record. *See* KRS 532.055, the so-called "Truth in Sentencing Act." "An *Alford* plea is a 'plea of guilty,' regardless of any denial of underlying facts, and clearly constitutes a criminal conviction." *Id.*

Whalen's final assignment of error has greater merit. He argues that the jury should have been instructed at the conclusion of the sentencing phase of the trial that it could recommend whether any sentences that it imposed should be served concurrently or consecutively and that the court should have considered imposing concurrent sentences. The court determined that consecutive sentences were mandated by KRS 533.060(3) which provides that:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of

guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

■ In *Commonwealth v. Wilcoxson*, Ky. App., 846 S.W.2d 719 (1992), this Court held that a defendant is not "awaiting trial," as that phrase is used in KRS 533.060(3), until he has been indicted. The fact that he has been charged with an offense and been released on bond pending indictment is not enough to invoke the statute's prohibition against concurrent sentences. At the time Whalen committed the August 1992 offenses with which he was subsequently charged, he had not been indicted for the August 1991 offenses or for bail jumping. Thus, the court should have considered imposing concurrent sentences according to KRS 532.110.

The judgment of conviction is affirmed. The sentences imposed on Whalen are vacated and this case is remanded to Jefferson Circuit Court for resentencing. Upon resentencing, the court shall determine whether the sentences imposed shall run concurrently or consecutively.

All concur.