James **MOORE,** Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 98–SC–271–DG.

Supreme Court of Kentucky.

April 22, 1999.

Daniel T. Goyette, Jefferson District Public Defender, of counsel, Bruce P. Hackett, Deputy Appellate Defender, Jefferson District Public Defender, Louisville, KY, for appellant.

A.B. Chandler III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, KY, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which held that the circuit court properly sentenced Moore to consecutive prison terms pursuant to KRS 533.060(3).

The issue presented is whether KRS 533.060(3) mandates consecutive sentences under the phrase "awaiting trial" when a defendant commits a second offense after he has been indicted but not yet arraigned.

Moore entered a conditional plea of guilty to indictment No. 95–CR–3191, which is the conviction under appeal, and was sentenced to a five-year prison term to run consecutive to his seven-year prison term which had resulted from his conviction under indictment No. 96–CR–0634. On December 19, 1995, the Jefferson County Grand Jury indicted Moore for eight counts of third-degree burglary, criminal possession of a forged instrument, three counts of theft by unlawful taking under $300, two counts of giving a police officer a false name or address and as a Persistent Felony Offender II.

The basis for these charges occurred in August, October and November of 1995.

Moore had been arrested on five separate occasions and had been repeatedly arraigned in district court on the charges contained in indictment No. 95–CR–3191. In each case, he was released on bond only to commit new offenses. He was arraigned in circuit court under indictment No. 95–CR–3191 on January 4, 1996 and entered a plea of Not Guilty. On December 21, 1995, two days after his indictment, he committed another burglary offense for which he was later charged in Indictment No. 96–CR–0634, upon which charges he was tried by a jury and convicted of burglary and as a persistent felony offender. He was sentenced to seven years in prison.

A jury trial was also held in May of 1996 regarding indictment No. 95–CR–3191, but a mistrial was declared. On July 17, 1996, he entered a plea agreement in 95–CR–3191, in which he pled guilty to one count of third-degree burglary with a recommendation from the prosecution of a five-year sentence. He was sentenced to five years, but the circuit judge determined that such sentence was to run consecutively with the seven year sentence imposed earlier. He properly reserved his right, pursuant to RCr 8.09, to challenge the circuit court's ruling that the sentences were required to run consecutively.

The Court of Appeals affirmed the judgment of the circuit court in all respects, and this Court granted discretionary review because the case presents a question of first impression in regard to the application of the sentencing statute.

KRS 533.060(3) reads as follows:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with the confinement for the offense for which the person is awaiting trial.

■ Moore's argument is that the trial court committed reversible error when it

ruled that consecutive sentences were required by the statute because he could not have been "awaiting trial" until he was arraigned on the first indictment and that he was not even aware that he had been indicted.

Prior opinions, which are factually different, have been written by the Court of Appeals and present arguably an unsettled question as to the meaning of the words "awaiting trial." *Commonwealth v. Brasher*, Ky.App., 842 S.W.2d 535 (1992); *Commonwealth v. Wilcoxson*, Ky.App., 846 S.W.2d 719 (1993); and *Whalen v. Commonwealth*, Ky.App., 891 S.W.2d 86 (1995), must be considered in our review. *Brasher, supra*, made the statement that it is generally considered that a defendant is not yet awaiting trial before an indictment is returned and that one can only be considered awaiting trial after an indictment. Clearly, that remark was dicta in view of the facts then before the court. The issue in *Brasher* was whether someone was awaiting trial after a conviction had been returned, but before he had been sentenced. *Brasher* determined that the defendant's situation did not meet the necessary circumstances. Discretionary review was not sought.

In *Wilcoxson, supra*, the defendant's new offense was an escape after being arrested. He had not been indicted. The panel in *Wilcoxson* reasoned that at the time of his escape, he was not awaiting trial, but only a possible indictment. In *Whalen, supra*, the defendant had been charged and released on bond when he committed a new offense and had not yet been indicted. *Whalen* cited *Wilcoxson* and the panel stated that the trial judge should have at least considered concurrent sentencing.

This Court of Appeals panel held that the language of the case law was that a defendant is awaiting trial once he had been indicted. The argument presented by Moore that he had no notice of the charges was to no avail because he had previously been arrested and made bond on these charges. We agree that Moore had sufficient notice because he had been arrested on the charges.

We must first observe that Moore has cited no statutory or case law authority for the argument that he presents. The contention that KRS 533.060(3) must be strictly or narrowly construed is without merit, and the suggestion that there is a notice requirement cannot be found in the language of the statute. Even Moore agrees that the legislative intent was for stricter sentences for those who committed crimes while released on bail in an attempt to encourage criminal defendants to refrain from committing more crimes.

It has been held that the legislative intent expressed in KRS 533 .060(3) calls for stricter sentencing for offenses committed while released on bail. *See Commonwealth v. Martin*, Ky.App., 777 S.W.2d 236 (1989); *Rose v. Commonwealth*, Ky.App., 738 S.W.2d 835 (1987).

The record here demonstrates that Moore was well aware of the charges for which he was indicted on December 19, 1995, when he committed additional crimes on December 21, 1995. At the sentencing hearing on the applicability of KRS 533.060(3), the prosecutor told the court that Moore was arraigned repeatedly in district court on charges ultimately contained in indictment No. 95–CR–3191. Moore had been arrested on five separate occasions. In each instance, a bond was set, he was released and then he would commit a new crime. Moore did not dispute this assertion. In each situation, Moore was aware that his case was being waived to the grand jury.

Moore committed the offenses involved in this particular appeal after having been released from custody on bond by the circuit court. As noted in *Rose, supra*, the legislative policy in regard to stricter sentencing for offenses committed while released on bail will be followed. In this case, the circuit court correctly followed the policy outlined in the previous Court of

Appeals cases in sentencing Moore in accordance with KRS 533.060(3).

 The phrase "awaiting trial" is not limited to indictment. An indictment is not all inclusive as to a definition of the phrase "awaiting trial." It can also include the period of time following arrest. It is the intent of the legislature to punish persons who were convicted of committing a subsequent crime or crimes while awaiting trial more severely by eliminating the possibility of concurrent sentences. Such persons are considered to be awaiting trial if they have sufficient knowledge of the first offense by means of arrest for that crime or crimes and are released on bond or are otherwise incarcerated for the crimes charged. The phrase "awaiting trial" as used in this statute is broad enough to include the period of time immediately after arrest.

We find no authority to support the claim by Moore that a person is not awaiting trial until he or she has been arraigned. To the extent that *Wilcoxson, Whalen,* and *Brasher* conflict with our decision here, they are overruled.

Nothing in this decision should restrict the procedural or substantive rights of an accused to prompt arraignment. The circuit court correctly adhered to the stricter sentencing policy expressed by the legislature when it determined that the sentences should run consecutively and not concurrently. Moore had sufficient notice of the charges because he had been arrested on them and had been released on bond at the time he committed the additional crimes.

The result reached by the Court of Appeals and the judgment of the circuit court are affirmed.

LAMBERT, C.J., COOPER, GRAVES, STEPHENS, STUMBO and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., files a separate opinion concurring in result only.

JOHNSTONE, Justice, concurring.

I concur in the result reached by the majority, but believe we have gone too far in holding that "[t]he phrase 'awaiting trial' as used in th[e] statute is broad enough to include the period of time immediately after arrest." The issue presented is framed precisely by the majority as whether KRS 533.060(3) mandates consecutive sentences under the phrase "awaiting trial" when a defendant commits a second offense after he has been indicted, but has not yet been arraigned. Unfortunately, the majority answers the question with a shotgun blast that mandates blanket application of KRS 533.060(3) and consecutive sentencing of all defendants who commit a second offense after arrest. In my opinion, *Wilcoxson, Whalen,* and *Brasher* were cases based on sound logic and need not be overruled. Respectfully, I would confine our holding to the inquiry presented.