Steven Thomas RICHARDSON,
Appellant,

v.

COMMONWEALTH OF KENTUCKY,
Appellee.

No. 2003–SC–0654–MR.

Supreme Court of Kentucky.

March 17, 2005.

As Modified on Grant of Rehearing
May 19, 2005.

Shelly R. Fears, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Dennis W. Shepherd, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice JOHNSTONE.

Appellant, Steven Thomas Richardson, was convicted in the Franklin Circuit Court of first-degree rape, first-degree sodomy, second-degree rape, second-degree sodomy, and two counts of first-degree sexual abuse. He was sentenced to forty years' imprisonment and appeals to this Court as a matter of right. Finding no error, we affirm.

Appellant's convictions stem from acts committed against J.R., a mentally handicapped minor, from the time she was about eleven years old until sometime after her thirteenth birthday. J.R.'s grandmother was the manager of the apartment complex where Appellant lived, and apparently J.R. and her mother had known Appellant since J.R. was four or five years old. The evidence indicated that J.R.'s mother frequently allowed J.R. to spend the night with Appellant, and that he often bought J.R. clothes and other presents.

In 2001, then thirteen-year-old J.R. was interviewed by a caseworker for the Cabinet for Families and Children in connection with an investigation of J.R.'s stepfather for allegations of sexual abuse against J.R. During that interview, J.R. first disclosed that Appellant was her boyfriend and that the two had been engaging in various sexual activities since before her twelfth birthday. J.R. even stated that she and Appellant wanted to get married and have a baby. Based upon J.R.'s statements, the Cabinet initiated an investigation of Appellant.

Appellant was initially indicted on twenty counts of second-degree rape. However, that indictment was superseded by a second indictment charging the offenses at issue herein. Following a trial, the jury convicted Appellant on all counts and recommended a sentence of eighty years' imprisonment. The trial court reduced the

jury verdict to forty years' imprisonment. This appeal ensued. Additional facts are set forth as necessary.

## I.

Appellant first challenges the trial court's refusal to permit cross-examination of the Commonwealth's expert, forensic pediatrician Dr. Betty Spivak, on J.R.'s psychiatric problems and medications she was taking. Appellant claims that J.R.'s mental health problems and her past hospitalization were relevant to impeach her credibility as a witness, since it was his theory at trial that J.R. fantasized that Appellant was her "boyfriend" and that her descriptions of the sexual activities were, in fact, attributable to the sexual abuse by her stepfather.

Dr. Spivak conducted a physical examination of J.R. at the behest of authorities investigating the allegations against Appellant. At trial, Dr. Spivak testified as to her physical findings, namely that J.R.'s hymenal tissue showed abnormalities attributable to multiple episodes of penetration. Dr. Spivak noted that her findings were consistent with J.R.'s disclosure of repeated instances of sexual intercourse with Appellant and with her stepfather. Dr. Spivak made no reference to any mental health issues.

On cross-examination, defense counsel sought to elicit information regarding J.R.'s psychiatric history and any medications given therefore. At a bench conference, the trial court sustained the Commonwealth's objection on the grounds that J.R.'s psychiatric records were confidential and that defense counsel had not followed the proper procedures for disclosure of the information.

Relying on this Court's recent decision in *Commonwealth v. Barroso*, 122 S.W.3d 554 (Ky.2003), Appellant argues that he was entitled to cross-examine Dr. Spivak about J.R.'s mental health status, because such evidence could have had a direct impact on J.R.'s ability to recall, comprehend, and accurately recount events regarding the alleged sexual abuse. Appellant maintains that because Dr. Spivak noted in her written report that J.R. suffered from psychiatric disorders, she should have been permitted to testify about the nature of those disorders. We disagree.

 This Court held in *Barroso*, as we previously did in *Eldred v. Commonwealth*, 906 S.W.2d 694 (Ky.1994), *cert. denied*, 516 U.S. 1154, 116 S.Ct. 1034, 134 L.Ed.2d 111 (1996), that "[i]f the psychotherapy records of a crucial prosecution witness contain evidence probative of the witness's ability to recall, comprehend, and accurately relate the subject matter of the testimony, the defendant's right to compulsory process must prevail over the witness's psychotherapist-patient privilege." *Barroso, supra*, at 563. However, Appellant fails to recognize that *Eldred* and *Barroso* mandate that certain procedures must be followed before such confidential information is disclosed. Only upon a preliminary showing of "evidence sufficient to establish a reasonable belief that the records contain exculpatory evidence" are a witness's psychotherapy records subject to production. *Barroso, supra*, at 564.[1] And even at that point, the production is limited to an *in camera* inspection by the trial court to determine whether the records, in fact, contain exculpatory evidence, including that relevant to the witness's credibility.

---

1. The *Barroso* opinion departed from the less restrictive standard set forth in *Eldred* which only required a showing of "articulable evidence that raises a reasonable inquiry of a witness's mental health history." *Eldred, supra*, at 702.

■ Appellant was in possession of Dr. Spivak's report for over a year prior to trial and, thus, was aware that J.R. suffered from several psychiatric disorders. However, defense counsel neither sought review of J.R.'s records nor produced any evidence that the records contained exculpatory evidence relevant to J.R.'s credibility. Moreover, contrary to defense counsel did not argue during the bench conference that J.R.'s psychiatric history was relevant to her credibility; counsel merely stated he wanted to question Dr. Spivak about J.R.'s disorders because it was noted in her written report. However, as Dr. Spivak testified, her role was limited to the physical examination of J.R. Dr. Spivak neither provided psychiatric treatment nor rendered any psychiatric opinions. As such, she was not qualified to give expert testimony as to J.R.'s psychiatric disorders.

J.R.'s psychiatric records may or may not have been relevant to impeach her credibility as a witness. We note, however, that there is no evidence in the record to support Appellant's claim that J.R. fabricated or "fantasized" the alleged activities. Nevertheless, disclosure of J.R.'s confidential mental health information for the first time at trial would not have been appropriate. Had Appellant wished to explore that avenue of evidence, he was required to follow the procedure mandated by *Eldred* and *Barroso*. Appellant failed to do so. As such, the trial court did not err in prohibiting Dr. Spivak's testimony.

## II.

■ Appellant next argues that the trial court erred in refusing to remove Juror 6 for cause after she disclosed that she had been the victim of sexual abuse fourteen years earlier. Appellant claims he was prejudiced by such as he was required to use a peremptory strike to remove Juror

6. *Thomas v. Commonwealth,* 864 S.W.2d 252 (1993). We disagree.

When questioned at the bench, Juror 6 explained that the abuse did not involve a family member and that she did not require psychiatric counseling as a result. Further, Juror 6 stated that her case did not go to trial because the charges were eventually dropped. Juror 6 confirmed that it did not bother her to sit on a sexual abuse case and that she was capable of deciding the case based on the evidence presented.

■ The decision whether to remove a juror for cause is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Mills v. Commonwealth,* 996 S.W.2d 473 (Ky.1999), *cert. denied,* 528 U.S. 1164, 120 S.Ct. 1182, 145 L.Ed.2d 1088 (2000); *Adkins v. Commonwealth,* 96 S.W.3d 779 (Ky.2003); *Pendleton v. Commonwealth,* 83 S.W.3d 522 (Ky.2002). "It is the probability of bias or prejudice that is determinative in ruling on a challenge for cause." *Pennington v. Commonwealth,* 316 S.W.2d 221, 224 (Ky.1958).

■ Appellant makes much of the fact that Juror 6 asserted that she was a "victim" of sexual abuse rather than stating she had been involved in an incident that resulted in sexual abuse charges. It is a distinction without a difference. The fact that a prospective juror has been a victim of a similar crime is insufficient, in and of itself, to warrant removal for cause. *Bowling v. Commonwealth,* 942 S.W.2d 293 (Ky.1997), *cert. denied,* 522 U.S. 986, 118 S.Ct. 451, 139 L.Ed.2d 387 (1997); *Butts v. Commonwealth,* 953 S.W.2d 943 (Ky.1997). Moreover, we find Appellant's reliance on *Montgomery v. Commonwealth,* 819 S.W.2d 713 (Ky.1991) misplaced. Unlike the juror in *Montgomery,* Juror 6 did not need to be rehabilitated. Other than admitting she had been a vic-

tim of a sex crime fourteen years earlier, Juror 6 made no statements indicating that she had any bias or preconceived opinions of Appellant's case. She unequivocally confirmed that she could fairly and impartially decide the case.

The trial court was in the best position to evaluate Juror 6's demeanor and answers during voir dire. *Bowling, supra. See also Whalen v. Commonwealth,* 891 S.W.2d 86 (Ky.App.1995). We cannot conclude that the trial court abused its discretion in refusing to remove her for cause once she satisfied the court that she could objectively evaluate the evidence on all counts and render a fair verdict.

### III.

Appellant next claims that he was prejudiced by J.R.'s testimony that he gave her Marlboro cigarettes and alcoholic drinks. Appellant argues that this irrelevant "evidence of collateral criminal activity" likely led the jury to believe he was "unsavory" and more likely to have committed the charged offenses. Appellant concedes that this issue is unpreserved, but urges review pursuant to RCr 10.26 as palpable error.

Although KRE 404(b) was not raised at trial, the Commonwealth now defends the admission of this evidence as relevant to Appellant's opportunity, planning, and preparation to induce J.R. to engage in sexual activities with him. We agree that the evidence was certainly part of Appellant's modus operandi in controlling J.R. Further, under the circumstances of the entire case, we do not find that there is a substantial possibility that the result would have been different had the evidence in question not been admitted. *Commonwealth v. Pace,* 82 S.W.3d 894, 895 (Ky. 2002). While the unobjected to evidence may be considered prejudicial, it was not improper and did not affect Appellant's

substantial rights. No palpable error occurred. RCr 10.26.

The judgment and sentence of the Franklin Circuit Court are affirmed.

All concur.