RENDERED:  JANUARY 13, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1258-MR

RICHARD JUSTIN SPROUSE                                APPELLANT

v.                 APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NO. 19-CR-01195

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND COMBS, JUDGES.

CALDWELL, JUDGE:  Richard Sprouse (hereinafter "Sprouse") entered an

*Alford*[1] plea to a charge of failing to comply with Kentucky Revised Statutes

("KRS") 17.510(11).  That statute requires persons convicted of certain delineated

sexually based offenses to register as a sex offender and then imposes upon them a

duty to validate the information contained in the sex offender registry on a periodic

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

basis.  The Commonwealth alleged Sprouse failed to comply with periodic

verification.  He reserved the right to appeal his conviction.  After reviewing the

briefs of the parties and the applicable law, we affirm the conviction.

**FACTS**

The facts contained in the record before us are scant.  We take judicial

notice[2] that Sprouse was convicted in Florida of lewd or lascivious offenses

committed upon or in the presence of persons less than 16 years old in August of

2000.[3]  The record does not reveal when he moved to the Commonwealth, but he

---

[2] Kentucky Rules of Evidence ("KRE") 201(b)(2).

[3] FLA. STAT. § 800.04 at the time Sprouse committed the crime(s):

> **800.04  Lewd, lascivious, or indecent assault or act upon or in presence of child**.
>
> A person who:
>
> (1)  Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
>
> (2)  Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
>
> (3)  Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
>
> (4)  Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
>
> without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s.

first registered with the Kentucky State Police ("KSP") in 2015, according to his Florida sex offender registry.[4]  He is a lifetime registrant, as indicated by his entry on the Kentucky State Police Sex Offender Registry,[5] of which we likewise take judicial notice.  Lifetime registrants are required to verify the accuracy of their address with the Registry every ninety (90) days.[6]

In 2019, KSP sent Sprouse address verification notifications.  He failed to respond to the first, sent on June 10, 2019, and to the second, sent via certified mail on July 11, 2019.  On August 21, 2019, the Warren County Sheriff was notified by KSP that Sprouse was not compliant with the registry.  He was found at the last address listed on the registry and was arrested.  He was charged with a violation of KRS 17.510 and was released on bond.

---

775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breastfeeding of her baby does not under any circumstance violate this section.

FLORIDA SENATE, https://www.flsenate.gov/laws/statutes/1998/800.04 (last accessed Jan. 9, 2023).

[4] We take judicial notice of Sprouse's Florida registry pursuant to KRE 201.  Sexual Offenders and Predator Search, Florida Dep't of Law Enforcement https://offender.fdle.state.fl.us/offender/sops/home.jsf (last accessed Jan. 9, 2023).

[5] Kentucky State Police Sex Offender Registry, http://kspsor.state.ky.us/Home/QuickSearch (last accessed Jan. 9, 2023).

[6] KRS 17.510(13)(a).

Sprouse appeared before the circuit court with retained counsel for several appearances, both in person and via Zoom during the novel coronavirus pandemic. Ultimately, he entered a conditional *Alford*[7] plea of guilt, reserving his right to appeal the application of KRS 17.510(11) to him. He was sentenced to two-years' incarceration, probated for five years. He now appeals his conviction and sentence.

## STANDARD OF REVIEW

The question presented here is a pure question of law. Therefore, our review is *de novo.* "Whether [a person] has been convicted of a sexual offense and is required to register as such are questions of law. The standard of review for questions of law is *de novo.*" *Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307, 308 (Ky. App. 2009) (citing *Floyd County Bd. Of Educ. v. Ratliff*, 955 S.W.2d 921 (Ky. 1997)).

## ANALYSIS

The argument presented by Sprouse is not well taken. Under his theory, the convicted sex offender has no responsibility to cooperate with the KSP

---

[7] "An *Alford* plea is a 'plea of guilty,' regardless of any denial of underlying facts, and clearly constitutes a criminal conviction." *Pettiway v. Commonwealth*, 860 S.W.2d 766, 767 (Ky. 1993).

in doing their duty under the law to validate the addresses of lifetime registrants every ninety (90) days. We cannot agree with this interpretation.

Sprouse was charged with violating KRS 17.510(11), which reads:

> Any person required to register under this section who knowingly violates any of the provisions of this section or prior law is guilty of a Class D felony for the first offense and a Class C felony for each subsequent offense.

Sprouse wishes to convince us to read the statute as putting the onus on KSP to validate the addresses of lifetime registrants every ninety (90) days, with no responsibility of the registrant to comply. KRS 17.510(13)(a) reads, in pertinent part:

> The cabinet shall verify the addresses, names, motor vehicle operator's license numbers, and government-issued identification card numbers of individuals required to register under this section. Verification shall occur at least once every ninety (90) days for a person required to register under KRS 17.520(2)[.]

He argues that since the statute reads "the cabinet shall verify[,]" only the cabinet has a duty under the statute, and the registrant has no duty to respond to the attempts by the cabinet to verify the information. However, such an interpretation renders the entire registration system ineffectual if there is no requirement of compliance with verification on the part of the registrant. We must always interpret statutes in a way which gives each provision meaning and purpose.

> "One of the most basic interpretative canons" of statutory interpretation is that "[a] statute should be construed so

-5-

that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004) (internal citation omitted)).

*Travelers Indemnity Company v. Armstrong*, 565 S.W.3d 550, 563 (Ky. 2018).

Further, a review of the regulations will reveal that there is outlined therein a clear duty on the part of the registrant to cooperate in verifying his or her residence information:

Section 5. Sex Offender Registry Address Verification Forms.

A **registrant shall verify** the accuracy of the registrant information contained in the appropriate Sex Offender Registry Address Verification Form (#SOR 1T, #SOR 1L, #SOR 1WL, and #SOR 1WT) mailed to him or her by the department.

. . . .

(3) At least once every ninety (90) days, the department shall mail an Address Verification Form (#SOR 1L) to the last known address of each lifetime registrant that resides in Kentucky.

. . . .

(5) Completion of Sex Offender Registry Address Verification Forms. A **registrant shall**:

(a) Complete each item in the Address Verification Form;

(b) Sign the Address Verification Form on the signature line in ink; and

(c) Mail the completed Address Verification Form to the department on the day the form is completed.

502 KAR[8] 31:020 (emphasis added).

Duly promulgated administrative regulations have the "force and effect of law." *Woods v. Commonwealth*, 599 S.W.3d 894, 897 (Ky. App. 2020) (quoting *Linkous v. Darch*, 323 S.W.2d 850, 852 (Ky. 1959)). Sprouse's argument is totally without merit.

## CONCLUSION

The Kentucky State Police Sex Offender Registry is the Commonwealth's implementation of federal law, the Adam Walsh Child Protection and Safety Act, Title I of which is the Sexual Offender Registration and Notification Act.[9] There are penalties for states and jurisdictions which do not enact statutory and regulatory schemes which comply with the dictates of the federal law.[10] The federal law requires jurisdictions:

> to have procedures in place for conducting regular registration appearances and ensuring that sex offenders immediately update important registration information in the interim. If a sex offender fails to appear for

---

[8] Kentucky Administrative Regulations.

[9] 34 United States Code § 20901 *et seq.*

[10] *See* Lori McPherson, *The Sex Offender Registration and Notification Act (Sorna) at 10 Years: History, Implementation, and the Future*, 64 DRAKE L. REV. 741 (2016).

registration or absconds from his or her registration responsibilities, a jurisdiction must have a mechanism to investigate, apprehend, and prosecute the offender, where appropriate.

McPherson, *supra*, at 761 (citations omitted).

Kentucky has devised a statutory and regulatory scheme which complies with this federal law, and as a lifetime registrant, Sprouse was required under Kentucky law to verify the information in his registration every ninety (90) days. This frequency of verification satisfies the requirements of the federal law.[11] The methodology of mailing the verification forms to the registrant is compliant with the guidance of the Attorney General of the United States. *Id.*

> Thus, jurisdictions may require verification of registration information with greater frequency than that required by section 116, and may wish to include in their systems additional means of verification for registration information, such as mailing address verification forms to the registered residence address that the sex offender is required to sign and return, and cross-checking information provided by the sex offender for inclusion in the registry against other records systems.

---

[11] Section 116 of SORNA states that "[a] sex offender shall appear in person, allow the jurisdiction to take a current photograph, and verify the information in each registry in which that offender is required to be registered not less frequently than": (i) Each year for a tier I sex offender, (ii) every six months for a tier II sex offender, and (iii) every three months for a tier III sex offender.

OFFICE OF THE ATTORNEY GENERAL; THE NATIONAL GUIDELINES FOR SEX OFFENDER REGISTRATION AND NOTIFICATION, 73 FR 38030-01, 38067.

OFFICE OF THE ATTORNEY GENERAL, THE NATIONAL GUIDELINES FOR SEX

OFFENDER REGISTRATION AND NOTIFICATION, 73 FR 38030-01, 38068.

The conviction is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tim Hendrix
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Deputy Solicitor General

Daniel J. Grabowski
Assistant Solicitor General
Frankfort, Kentucky