**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Earl HUNT, Appellee.**

Court of Appeals of Kentucky.

Aug. 28, 1981.

Steven Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, Frank O. Trusty, II, Commonwealth's Atty., 16th Judicial Circuit, Michael W. Westling, Asst. Commonwealth's Atty., Covington, for appellant.

Douglas S. Weigle, Cincinnati, Ohio, for appellee.

Before GANT, GUDGEL and HOWERTON, JJ.

GANT, Judge.

On February 9, 1979, appellee was sentenced to three years confinement in the Kentucky State Reformatory, which sentence was probated for a term of five years.

About 20 months later, an indictment was returned against him, resulting in a conviction of a second felony, for which he was sentenced to a five-year term in the Kentucky State Reformatory.

Motion was filed for revocation of probation in the first case, which was uncontested as there was an obvious violation of the terms of the probation. The lower court sentenced the appellee to serve the three-year term previously imposed, running the sentence *concurrently* with the five-year sentence imposed in the second case.

The sole issue in this case is one of statutory construction, attempting to reconcile KRS 532.110(1) with KRS 533.060(2). The statutes in question read as follows:

734

KRS 532.110(1):

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one crime, *including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of the sentence* . . .

KRS 533.060(2):

(2) When a person has been convicted of a felony and is committed to a correctional facility maintained by the bureau of corrections and released on parole *or has been released by the court on probation,* shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, such person shall not be eligible for probation, shock probation, or conditional discharge and *the period of confinement for that felony shall not run concurrently with any other sentence.*

The law on statutory construction in this state is well summarized in the case of *Brown v. Hoblitzell,* Ky., 307 S.W.2d 739, 744 (1956), as follows:

In enacting laws, the Legislature is presumed to take cognizance of the existing statutes and the condition of the law so that when the statute under consideration is ambiguous, the new enactment is to be construed in connection and in harmony with the existing laws as a part of a general and uniform system of jurisprudence. *Button v. Hikes,* 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779; *Reynolds Metal Co. v. Glass,* 302 Ky. 622, 195 S.W.2d 280. Apparent conflicts or repugnancies between statutes on the same general subject enacted at different times should be reconciled in the light of the existing statutes and Constitution. *Cawood v. Coleman,* 294 Ky. 858, 172 S.W.2d 548; *Burbank v. Sinclair Prairie Oil Co.,* 304 Ky. 833, 202 S.W.2d 420. If the conflict cannot be reconciled, the latter statute controls. *Butcher v. Adams,* 310 Ky. 205, 220 S.W.2d 398.

These two statutes are impossible to construe "in connection and in harmony with" each other and cannot be reconciled. Thus a conflict exists, and the later statute controls. KRS 532.110(1) was enacted by the legislature in 1974, with an effective date of January 1, 1975. KRS 533.060(2) was enacted by the legislature in 1976, with an effective date of June 19, 1976. KRS 533.060(2) is controlling in this situation and the court is prohibited thereby from running the sentence of the first felony concurrently with the second sentence.

The judgment is reversed and this case is remanded to the lower court for sentencing in conformity with this opinion.

All concur.