Paul Henry HANDLEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1983.

Discretionary Review Denied
June 29, 1983.

Jack E. Farley, Public Advocate, for appellant; James P. Benassi, Frankfort, of counsel.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, COOPER and WILHOIT, JJ.

WHITE, Judge.

This is an appeal from the sentence entered upon appellant's conviction for forgery in the second degree.

On July 31, 1981, appellant was charged in the Franklin Circuit Court based on an indictment for five counts of forgery in the second degree. He was arrested on August 2, 1981, and held in the Franklin County jail until his release on bail on August 10, 1981. While still on release on bail, appellant was arrested in Jefferson County on December 18, 1981, on charges of criminal possession of a forged instrument in the third degree. This crime occurred after appellant's release on bail with regard to the Franklin County indictment. Appellant remained in the Jefferson County jail until his entry of a plea of guilty to a misdemeanor, at which time he was sentenced to a twelve-month jail term. Subsequently, appellant was returned to Franklin Circuit Court and on May 20, 1982, entered a plea of guilty to all five counts of forgery as contained in the original indictment. He was sentenced to one year on each count to run concurrently with each other but to run consecutively to

the Jefferson County jail term he was presently serving.

Appellant moved Franklin Circuit Court to run his felony sentence concurrently with his misdemeanor sentence and to grant credit against the felony conviction for the time spent in the Jefferson County jail. The Franklin Circuit Court entered an amended order allowing him credit for the nine days he spent in the Franklin County jail prior to being released on bail and otherwise denied appellant's motion. This appeal followed.

Appellant argues in this appeal that his misdemeanor sentence and his felony sentence should run concurrently and that he should be entitled to credit for all preconviction jail time, whether served in Jefferson County or Franklin County.

■ Appellant relies on KRS 532.110(1)(a) for his argument that his misdemeanor sentence from Jefferson County should run concurrently with his felony sentence from Franklin County. That statute provides in paragraph (1)(a) as follows: "A definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term." That statute was effective January 1, 1975.

Appellee relies on KRS 533.060(3), which provides as follows:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which said person is awaiting trial.

That statute was effective June 19, 1976.

While the case of *Commonwealth v. Hunt*, Ky.App., 619 S.W.2d 733 (1981), related to a different subsection of these two statutes, we still look to that case for guidance. In the *Hunt* case, the court held that since the two statutes could not be reconciled, the later in time controlled. In this case, to the extent that KRS 532.110(1)(a) could be read to apply to appellant's situation, then it is at odds with KRS 533.060(3). We believe that KRS 533.060(3) much more clearly and specifically fits the facts of appellant's case. Furthermore, that statute is later in time. We therefore elect to follow KRS 533.060(3).

Appellant committed an additional offense in Jefferson County while awaiting trial on his charges in Franklin County. He entered a plea of guilty to the Jefferson County offense, and sentence was imposed while still awaiting trial in Franklin County. KRS 533.060(3) specifically states that that sentence shall not run concurrently with confinement for the offense for which he was awaiting trial.

Clearly, the Franklin Circuit Court did not err in ordering appellant's sentence on his plea of guilty to the Franklin County charges to run consecutively to appellant's Jefferson County sentence.

■ Appellant argues that he was entitled to credit on his Franklin County sentence for all time served in the Jefferson County jail. This argument is without merit. Credit for time spent in custody prior to the commencement of a sentence applies only where the custody was a result of the charge that culminated in his sentence. KRS 532.120(3). Appellant's time spent in the Jefferson County jail had nothing whatsoever to do with his indictment and subsequent conviction in Franklin County. Furthermore, his Franklin County sentence was ordered to run consecutively to his Jefferson County sentence. Therefore, any time spent in the Jefferson County jail is not applicable nor to be credited to appellant's Franklin County sentence. *Tarrance v. Commonwealth*, Ky.App., 548 S.W.2d 147 (1977).

The Franklin Circuit Court's sentencing orders are hereby affirmed.

All concur.