William R. WHITE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1998–CA–002765–MR.

Court of Appeals of Kentucky.

April 28, 2000.

Discretionary Review Denied by Supreme Court Nov. 15, 2000.

William R. White, *Pro Se* Lexington, KY, for Appellant.

A.B. Chandler III, Atty. Gen., Courtney A. Jones, Asst. Atty. Gen., Frankfort, KY, for Appellee.

BEFORE: COMBS, JOHNSON, and McANULTY, Judges.

## OPINION

JOHNSON, Judge:

William White appeals *pro se* from an order of the Fayette Circuit Court entered on October 27, 1998, that denied his motion filed pursuant to CR[1] 60.02(e) and (f). Having concluded that the trial court properly denied White relief, we affirm.

In September 1995, the Fayette County Grand Jury indicted White on five felony counts of trafficking in a controlled substance (cocaine) in the first degree, subsequent offense (KRS[2] 218A.1412), one misdemeanor count of possession of drug paraphernalia (KRS 218A.500), and the status offense of being a persistent felony offender in the second degree (PFO II) (KRS 532.080). The trafficking charges involved the sale of cocaine by White to a confidential informant on several occasions in May and June 1995. On October 13, 1995, pursuant to a plea agreement with the Commonwealth, White entered a guilty plea to one count of trafficking in a controlled substance (cocaine) in the first degree, first offense, and PFO II. Under the plea agreement, the Commonwealth moved to dismiss the remaining counts of the indictment and recommended a prison sentence of five years on the trafficking offense enhanced to thirteen years based on the PFO II conviction. At the time White committed the 1995 trafficking offense, he had been placed on shock probation for a 1991 felony trafficking conviction.

On November 17, 1995, the trial court conducted a sentencing hearing. When the trial court expressed its intent to order the thirteen-year sentence to run concurrently with the six-year probated sentence for the 1991 felony conviction, the Commonwealth objected arguing that such

---

1.  Kentucky Rules of Civil Procedure.

2.  Kentucky Revised Statutes.

concurrent sentencing was prohibited by statute. The judge stated that she was uncertain whether White was eligible for concurrent sentencing and that she would review the relevant law and render a sentencing order consistent with statutory law. On November 28, 1995, the trial court issued a final judgment and sentence of imprisonment ordering the thirteen-year sentence to run consecutively to "any other previous felony sentence the Defendant must serve."

On June 19, 1996, White filed an RCr 11.42 motion seeking to have the guilty plea set aside due to his claim of ineffective assistance of counsel involving the sentencing procedure. White maintained that his counsel failed to adequately argue for concurrent sentencing or to properly preserve the issue by seeking a second sentencing hearing. The Commonwealth filed a response contending that White was not eligible to receive a concurrent sentence under KRS 533.060(2). The trial court denied the motion. On appeal, this Court affirmed the trial court's denial of the RCr 11.42 motion stating that counsel was not ineffective for failing to challenge the consecutive sentence because KRS 533.060(2) precluded imposition of a concurrent sentence.[3]

On July 20, 1998, White filed a motion to amend judgment pursuant to CR 60.02(e) and (f). In the motion, he asked the trial court, based on the fact that KRS 532.110 had been amended by the Kentucky General Assembly in its 1998 regular legislative session, to reconsider its decision ordering the thirteen-year sentence under Indictment No. 95–CR–816 to run consecu-

tively with the sentence for the 1991 felony conviction. The trial court summarily denied the motion. On September 23, 1998, White filed a CR 59.05 motion to alter, amend or vacate the order of denial. On October 27, 1998, the trial court entered an order denying the CR 59.05 motion on the basis that KRS 532.110(1) did not apply because White had been sentenced before the 1998 amendment. This appeal followed.

White argues on appeal that the trial court erred by failing to hold a hearing on his CR 60.02 motion. He further contends that KRS 532.110(1), which allows for concurrent sentences when multiple sentences of imprisonment are imposed, controls over KRS 533.060(2) because the former was recently amended. He relies on the general rule of statutory construction that the courts must presume that the Legislature intended to effect a change in the law by amending a statute.[4] After reviewing the relevant case law and statutes, we conclude that White's argument lacks merit.

Although not clearly articulated, White effectively seeks a retrospective application of KRS 532.110(1). It is undisputed that at the time White was sentenced, the state of the law required the trial court to apply KRS 533.060(2), which prohibits a concurrent sentence for a felony offense committed while the defendant was on probation. In *Commonwealth v. Hunt*,[5] the Court held that given the direct conflict between KRS 532.110(1) and KRS 533.060(2), the latter took precedence over the former because KRS 533.060(2) was enacted after KRS 532.110(1).[6]

---

3. *White v. Commonwealth*, 1997–CA–000078–MR (rendered February 6, 1998). The Kentucky Supreme Court denied discretionary review. 1998–SC–000144–D (entered August 26, 1998).

4. *See e.g., Sanders v. Pierce*, Ky.App., 979 S.W.2d 457, 460 (1998).

5. Ky.App., 619 S.W.2d 733 (1981).

6. *See also Devore v. Commonwealth*, Ky., 662 S.W.2d 829 (1984), *cert. denied*, 469 U.S. 836,

105 S.Ct. 132, 83 L.Ed.2d 72 (1984)(KRS 533.060(2) controlled over KRS 532.110(1)(c) for crimes committed while defendant on parole); *Riley v. Parke*, Ky., 740 S.W.2d 934 (1987)(KRS 533.060(2) controlled over KRS 532.110(2) for offenses committed while defendant on parole); *Handley v. Commonwealth*, Ky.App., 653 S.W.2d 165 (1983)(KRS 533.060(2) controls over KRS 532.110(1)(a) for offenses committed while awaiting trial).

KRS 446.080(3) provides: "No statute shall be construed to be retroactive, unless expressly so declared." There is a presumption for prospective application of a statute absent clear legislative intent for retroactive application.[7] There is no express language in the 1998 version of KRS 532.110 indicating that it should be given retrospective application.

In addition, the July 1998 amendment to KRS 532.110 did not involve an aspect of the statute that is pertinent to White's situation. The only change in the statute in 1998 was a provision in Subsection (1)(c) placing a 70–year limitation on the aggregate of consecutive indeterminate sentences.[8] Under Section 51 of the Kentucky Constitution, the entire statute is required to be re-enacted even though only a portion of the statute is amended.[9] The re-enactment and amendment of KRS 532.110(1) do not evidence an intent by the Legislature to have that statute take priority over KRS 533.060(2). As the Court stated in *Butler v. Groce*, Ky., 880 S.W.2d 547 (1994):

> In substantially reenacting a statute, the legislature is well aware of the interpretation of the existing statute and has adopted that interpretation unless the new law contains language to the contrary. *Brown v. Harrodsburg*, Ky., 252 S.W.2d 44 (1952). If the legislators intended to depart from the existing statutory interpretation, it is incumbent that they use "plain and unmistakable language" which leaves no doubt that a departure from the prior interpretation

is intended. *Long v. Smith*, 281 Ky., 512, 136 S.W.2d 789 (1940).[10]

Long-existing case law interpreting KRS 532.110 and KRS 533.060(2) has clearly established the primacy of the latter statute. The General Assembly has not amended either statute with clear language evidencing an intent to change or overrule the courts' interpretation of these statutes on that issue. White's argument that the re-enactment of KRS 532.110 in 1998 allows the trial court discretion to impose a concurrent sentence for an offense committed while the defendant was on probation in contravention of KRS 533.060(2) is without merit.

The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion.[11] A movant is not entitled to a hearing on a CR 60.02 motion unless he "affirmatively alleges facts which, if true, justify vacating the judgment and further allege[s] special circumstances that justify CR 60.02 relief."[12] White has failed to present any facts or legal grounds sufficient to invalidate his sentence. Thus, the trial court did not abuse its discretion in denying his CR 60.02 motion without a hearing.

For the foregoing reasons, we affirm the order of the Fayette Circuit Court.

ALL CONCUR.

---

**7.** *University of Louisville v. O'Bannon*, Ky., 770 S.W.2d 215, 216 (1989); *Dennison v. Commonwealth*, Ky.App., 767 S.W.2d 327 (1988).

**8.** *See* 1998 Ky. Acts 606, § 114.

**9.** *See Board of Penitentiary Commissioners v. Spencer*, 159 Ky. 255, 166 S.W. 1017 (1914).

**10.** *Id.* at 549. *See also Rye v. Weasel*, Ky., 934 S.W.2d 257, 262 (1996)(failure of Legislature to change a known judicial interpretation of statute is extremely persuasive evidence of

Legislature's agreement with court interpretation).

**11.** *Brown v. Commonwealth*, Ky., 932 S.W.2d 359, 361 (1996).

**12.** *McQueen v. Commonwealth*, Ky., 948 S.W.2d 415, 416 (1997), *cert. denied*, 521 U.S. 1130, 117 S.Ct. 2535, 138 L.Ed.2d 1035 (1997)(quoting *Gross v. Commonwealth*, Ky., 648 S.W.2d 853, 856 (1983)).