**Lindsay R. BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2008–CA–001259–MR.**

Court of Appeals of Kentucky.

Sept. 18, 2009.

Kathleen K. Schmidt, Lisa Bridges Clare, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General, John Paul Varo, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT and TAYLOR, Judges; HENRY,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Lindsay R. Brown pled guilty to several crimes in two separate criminal cases. On January 23, 2007, Brown pled guilty to the following crimes in Case No. 06–CR–00677: (1) five counts of second-degree criminal possession of a forged instrument (checks); (2) one count of receiving stolen property under $300; and (3) one count of giving a false name (hereinafter "the felony crimes case"). On May 8, 2007, Brown pled guilty to the following misdemeanors in Case No. 06–CR–00382: (1) criminal facilitation to first-degree possession of a controlled substance (marijuana); and (2) complicity to commit possession of drug paraphernalia (hereinafter "the misdemeanor crimes case").

At the time of Brown's January 23, 2007, guilty plea in the felony crimes case, charges in the misdemeanor crimes case were still pending. Brown concedes that she committed the offenses in the felony crimes case while on bond and awaiting trial for the pending charges set forth in the misdemeanor crimes case. Brown entered an agreement with the Commonwealth whereby she would be referred to and accepted into Felony Drug Court.

Pursuant to this agreement, if Brown did not successfully complete drug court, she would be sentenced to a total of three years' imprisonment for the offenses in the felony crimes case. Brown further agreed that this three-year sentence would run consecutively to any other sentence Brown may receive in any other criminal proceedings, including but not limited to any sentence received in the misdemeanor crimes case.

On May 8, 2007, Brown was sentenced as follows in the misdemeanor crimes case: twelve months' imprisonment to run consecutively to any sentence imposed in the felony crimes case, with credit for time served and the balance of the twelve-month sentence to be probated for a period of two years.

On February 19, 2008, the trial court entered an order determining that Brown had violated the rules and conditions of Felony Drug Court. The trial court thereby expelled Brown from the program. Having failed to successfully complete Felony Drug Court as required by the terms of her January 23, 2007, plea agreement in the felony crimes case, the trial court revoked Brown's conditional discharge into the Felony Drug Court program and imposed the three-year sentence of imprisonment set forth in the original plea agreement. The trial court further determined that this three-year sentence of imprisonment imposed in the felony crimes case was to run consecutively to any sentence imposed in the misdemeanor crimes case.

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

On February 28, 2008, Brown's probation in the misdemeanor crimes case was revoked because she obtained new criminal charges and was terminated from Felony Drug Court in the felony crimes case. She was therefore ordered to serve out the remainder of her twelve-month sentence in prison, with said sentence to run consecutively with the three-year sentence imposed in the felony crimes case.

On June 17, 2008, Brown filed a *pro se* motion to run her twelve-month misdemeanor sentence concurrently with the three-year felony sentence. She cited Kentucky Revised Statutes (KRS) 532.060(1), which states that sentences of imprisonment for felonies shall be indeterminate terms, and KRS 532.090, which states that sentences of imprisonment for misdemeanors shall be definite terms. She further cited KRS 532.110(1)(a) which directs, "[a] definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term[.]"

On June 18, 2008, the trial court denied Brown's motion to run the twelve-month sentence received in the misdemeanor crimes case concurrently with the three-year sentence received in the felony crimes case. In its order, the trial court stated that concurrent sentences were not required in the two cases since at least one of the offenses committed by Brown was committed while she was on bond and awaiting trial for the other offenses. A matter-of-right appeal from this order now follows.

On appeal, Brown argues through counsel that the plain language of KRS 532.110(1)(a) mandates that her sentence in the misdemeanor crimes case be run concurrently with her sentence in the felony crimes case. However, the Commonwealth argues that the controlling statute in this case is KRS 533.060(3) which states:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

In *Commonwealth v. Hunt,* 619 S.W.2d 733 (Ky.App.1981), this Court recognized that KRS 532.110(1) and KRS 533.060(2) are irreconcilable. *Id.* at 734. Upon careful consideration, the Court determined that KRS 533.060(2) controlled in situations where there is conflict between the two statutes. *Id.* Soon thereafter, this ruling was extended to hold that in cases where either KRS 532.110(1)(a) or KRS 533.060(3) may apply to direct sentencing, KRS 533.060(3) shall control. *Handley v. Commonwealth,* 653 S.W.2d 165, 166 (Ky. App.1983). As the facts in this case are not distinguishable from the facts set forth in *Handley, supra,* we agree with the Commonwealth that the language set forth in KRS 533.060(3) is controlling in this case.

Brown argues in her reply brief that the controlling case law should be overruled. Having stood for over two decades, we see no compelling reason to disturb case law which the legislature has not seen fit to disturb itself.

Accordingly, we hereby affirm the Hardin Circuit Court's order running Brown's twelve-month misdemeanor sentence in Case No. 06–CR–00382 consecutively with the three-year felony sentence imposed in Case No. 06–CR–00677 as directed by KRS 533.060(3).

ALL CONCUR.