RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000277-MR

FRANCIS G. PAYNE                                                    APPELLANT

v.

APPEAL FROM HANCOCK CIRCUIT COURT
HONORABLE THOMAS O. CASTLEN, JUDGE
ACTION NO. 08-CR-00020

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND KRAMER, JUDGES.

ACREE, JUDGE:  Francis G. Payne, proceeding *pro se*, appeals the Hancock

Circuit Court's order denying his motion for post-conviction relief pursuant to

RCr[1] 10.26.  After careful consideration, we affirm the decision of the trial court.

---

[1] Kentucky Rule of Criminal Procedure.

A jury convicted Payne of kidnapping and two counts of sexual abuse in the first degree, stemming from an incident that took place on June 5, 2008. He was sentenced to imprisonment for five years on each count of sexual abuse and imprisonment for fifteen years on the charge of kidnapping. The two five-year sentences were ordered to run concurrently with one another and consecutively to the fifteen-year sentence for a total of twenty years.

On direct appeal, the Kentucky Supreme Court affirmed his convictions for sexual abuse but reversed his conviction for kidnapping and remanded his case to the trial court for resentencing. *Payne v. Commonwealth*, No. 2009-SC-000373-MR, 2010 WL 1641117 (Ky. Apr. 22, 2010). Payne was resentenced to five years of imprisonment on each sexual abuse charge, this time to run consecutively, for a total of ten years.

In March 2011, Payne filed a motion for relief under RCr 11.42 to vacate his conviction based on ineffective assistance of counsel. After conducting an evidentiary hearing, the trial court denied his motion. This Court affirmed. *Payne v. Commonwealth*, No. 2012-CA-000423-MR, 2013 WL 2297095 (Ky. App. May 24, 2013). Payne then filed multiple motions for relief pursuant to RCr 10.26, alleging, among other things, double jeopardy and errors in his indictment. The trial court denied his motions. Payne did not appeal this order. Instead, he

filed a petition for a writ of mandamus with this Court.[2]  Because Payne possessed adequate remedies to address the issues raised, through his direct appeal and RCr 11.42 motion, this court denied mandamus relief.  *Payne v. Honorable Ronnie C. Dortch, Judge, Hancock Circuit Court, et al*, No. 2017-CA-001964-OA (Ky. App. Mar. 7, 2018).  The Kentucky Supreme Court affirmed.  *Payne v. Commonwealth*, No. 2018-SC-000185-MR, 2018 WL 5729644, at *1 (Ky. Nov. 1, 2018).

In November 2018, Payne again moved for relief pursuant to RCr 10.26, giving rise to the instant appeal.  He asserts double jeopardy and that his sentences for sexual abuse should have run concurrently instead of consecutively. The trial court noted that the issues raised by Payne "appear to be a rehash of issues previously, and unsuccessfully, presented to this court and the appellate courts."  It denied his motion.  This appeal followed.

Payne first alleges it was palpable error when the trial court resentenced him to five years of imprisonment on each count of sexual abuse, to run consecutively for ten years.  It is his contention that his sentences should run concurrently, for a total of five years.  Additionally, Payne asserts a violation of the double jeopardy clause and that his counsel was ineffective.

---

[2] It appears Payne was arguing that his sentences for sexual abuse should have run concurrently instead of consecutively and that there were errors in his indictment.

The matters raised by Payne could, and should, have been addressed within his direct appeal or his RCr 11.42 motion. Alone, this disposes of his case.

Just as significantly, however, Payne's appeal is procedurally suspect. He seeks to employ RCr 10.26 as a separate doorway through which a convicted party may bring his case before the Court of Appeals. Not so.

The rule assumes the case has arrived by direct appeal, or pursuant to rules that authorize post-conviction relief, CR[3] 60.02 and RCr 11.42. This rule, RCr 10.26, simply establishes the standard for a new trial – "manifest injustice" – "to rescue parties who failed to object at trial from the consequences of alleged instructional error, under the purview of palpable error review." *Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013).

In the trial court, palpable error review pursuant to RCr 10.26 for manifest injustice plainly presupposes a "motion for a new trial . . . ." RCr 10.26. The rule does not provide an independent vehicle for a post-conviction challenge in the trial court. *Chipman v. Commonwealth*, No. 2007-CA-000329-MR, 2008 WL 682439, at *3 (Ky. App. Mar. 14, 2008) (citation omitted) ("CR 61.02 and RCr 10.26 are not mechanisms for obtaining post-conviction relief."). Thus, the function of RCr 10.26 is limited to measuring unpreserved error upon a timely motion for a new trial filed pursuant to RCr 10.02.

---

[3] Kentucky Rule of Civil Procedure.

Payne is not the first to make this mistake and likely will not be the last. On previous occasions, some courts have treated such motions as having been brought pursuant to CR 60.02. *See Chipman*, 2008 WL 682439, at *3. We shall do the same.

By treating Payne's motion in the trial court as one pursuant to CR 60.02, we resurrect the utility of RCr 10.26 because, in addition to its application in the trial court as described, the rule allows palpable error review by the appellate court. Of course, this presumes the appellant satisfied the rules for properly getting the case before this Court. We could easily conclude Payne failed in that endeavor, but we proceed anyway.

Applying the fiction that Payne's motion in the trial court was effectively pursuant to CR 60.02, we incorporate that standard of review which "is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). Therefore, we review the record to see if the trial court abused its discretion in its own palpable error review for manifest injustice.

In this case, we find no abuse of discretion in the trial court's denial of post-judgment relief for manifest injustice. On its face, the motion could have been denied as untimely. The rule addresses itself to six categories of post-conviction relief and says, "The motion shall be made within a reasonable time"

and, if brought under one of the first three categories, "not more than one year after the judgment . . . ." CR 60.02. Payne's allegations of error were known or knowable many years ago and were required to be raised long before now.

In fact, the trial court found, and this Court agrees, that Payne's motion, however viewed, did nothing but rehash arguments previously presented and rejected. Therefore, for the reasons stated in the December 10, 2018 order of the Hancock Circuit Court, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Francis G. Payne, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky