RENDERED: JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1025-MR

ERIC BOYD                                           APPELLANT

                         APPEAL FROM BULLITT CIRCUIT COURT
v.                     HONORABLE RODNEY BURRESS, JUDGE
                             ACTION NO. 08-CR-00334

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Eric Boyd, *pro se*, appeals the Bullitt Circuit Court's order denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion to relieve him of his conviction and sentence.

       Boyd and his ex-girlfriend J.W. (the victim) had a son together. Boyd apparently had trouble recognizing that the relationship was over and was unhappy

that the victim did not want him to visit with his son. The victim sought an

emergency protective order against Boyd after he threatened her with a knife. A

few days later the incident occurred which resulted in the convictions at issue here:

> Boyd, angry that J.W. had denied him a weekend with his son, drove to J.W.'s house to see his son. He parked his tractor-trailer truck at the beginning of J.W.'s neighborhood, nearly two miles from her home. He then walked to her house, and after observing her and their son in the front yard, entered the home through the unlocked back door. He waited for J.W. in the kitchen with a knife. Boyd threatened harm to himself and their son if J.W. did not comply with his orders. He then instructed J.W. to remove her clothing and have sex with him. She told him that she would do whatever he asked, so long as he did not harm their son, and the two engaged in intercourse. Once Boyd fell asleep, J.W. was able to get her cell phone and alert several family members that Boyd was in her home and to call the police. Once the police arrived, J.W. exited the house with her son, and Boyd was arrested.

> Boyd initially had private counsel, and was out of custody on bond. While he was represented by private counsel, the Commonwealth offered Boyd a plea of two to ten years in prison with visitation rights with his son. Boyd rejected this deal because he wanted to go to trial. After a disagreement with that private counsel, Boyd requested and was granted a public defender. After a change in bond, he was then taken back into custody.

> In September 2008, a Bullitt County Grand Jury indicted Boyd on [burglary in the first degree, rape in the first degree, sodomy in the first degree, kidnapping, possession of drug paraphernalia, and being a persistent felony offender in the second degree (PFO-2)].

*Boyd v. Commonwealth*, No. 2014-CA-001374-MR, 2016 WL 2638248, *1

(Ky.App. May 6, 2016) (unpublished).

While awaiting trial, Boyd had electronic contact with the victim. He believed that some exchanges he had with the victim provided him with the defense of consent. These included exchanges on MySpace.com and Yahoo! Messenger. In a MySpace.com exchange dated December 28, 2008, the victim allegedly wrote: "i told them that i did consent to it . . . i did tell you i would do it but they said based on how everything happened that it was considered rape and all that other stuff." Boyd provided printouts of this material to his private counsel, who disclosed them to the Commonwealth, and his counsel also attempted to get verification from these companies to connect these exchanges to the victim.

In April 2009, the circuit court granted Boyd's private counsel's motion to withdraw, and Boyd was assigned counsel. Trial was continued on the Commonwealth's motion, and a trial date was set for February 2010.

In October 2009, the Commonwealth requested an order precluding Boyd from entering the MySpace.com printouts into evidence at trial. This motion was denied, with the circuit court stating that if Boyd wished to enter them at trial, he would first need to request a hearing to determine whether they could be introduced which would require a proper foundation.

In January 2010, Boyd filed a motion to schedule the deposition of the victim, explaining he wished to have her state whether she had written the electronic communication that stated she consented. The circuit court denied this motion on the basis that pursuant to Kentucky Rules of Criminal Procedure (RCr) 7.10 there was no basis for deposing the victim because there was no evidence that she would not be available for trial, at which time she could be asked about the exculpatory statements.

The Commonwealth filed a motion *in limine* attempting to exclude the MySpace.com messages and the Yahoo! Messenger messages, alleging that some parts of the messages may be fabrications. Boyd requested a motion to continue to attempt to secure information to verify it was the victim's MySpace.com account. In February 2010, the circuit court granted the motion to continue the trial and set a new trial date for April 22, 2010.

It appears that in February 2010, Boyd was assigned new court-appointed counsel. Counsel advised Boyd that since she had only had his case for a short time, she would need to ask for and would likely be granted a continuance. She further told Boyd she would be taking maternity leave soon and would either have to try his case after she returned or have his case assigned to another public defender. *Boyd*, 2016 WL 2638248, at *1. However, in the interim, she continued to file motions in Boyd's case.

-4-

In April 2010, Boyd requested the opportunity to introduce evidence of the victim's past sexual behavior pursuant to Kentucky Rules of Evidence (KRE) 412(b)(1)(A) and, after a hearing, the matter was taken under advisement by the circuit court.

On April 21, 2010, Boyd entered into a plea agreement and pled guilty in circuit court. In exchange for the plea, the Commonwealth recommended twenty years on the felonies, the dismissal of the other counts, and that the sentences be served concurrently for twenty years. As part of the written guilty plea, Boyd acknowledged the following factual basis:

> The defendant entered the home of [the victim] without her permission or consent. The defendant kept [the victim] in that home throughout the night of July 22nd and 23 of 2008. During that time the defendant forced [the victim] to engage in both deviate sexual intercourse and sexual intercourse.

Despite Boyd's plea, the circuit court subsequently ruled on pending motions. It ruled Boyd was permitted to show he had a continuing relationship and sexual contact with the victim, and the Commonwealth was permitted to introduce evidence regarding the domestic violence case pursuant to KRE 404(b) and (c). As to an apparent previous oral motion that count four for kidnapping be dismissed, the circuit court memorialized its decision to pass this motion to the morning of trial for further argument by the parties and a motion for directed verdict.

On July 13, 2010, Boyd was sentenced in accordance with the plea agreement.

Three years later, on July 12, 2013, Boyd filed an RCr 11.42 motion arguing that he received ineffective assistance of counsel, explaining she failed to investigate the false allegations against him and to advise him of a viable defense (consent as shown by the messages from the victim), she failed to advise him of the probable outcome if he went to trial, and there was cumulative error. He attached the MySpace.com printout to his motion. Boyd was appointed counsel and provided with an evidentiary hearing. Boyd's former counsel testified as well as Boyd. She testified that she was working hard on his case, accurately advised him of what she would have to do given her recent assignment to the case and pregnancy, and was surprised that he chose to plead guilty.

The circuit court denied the motion. Boyd appealed. The Court of Appeals affirmed, reasoning that appropriate steps were taken regarding the MySpace.com messages through his prior counsel's attempts to authenticate these messages and the attempt to subpoena the victim to authenticate them, and his counsel's plan to obtain a continuance to better prepare for his defense was subverted when Boyd chose to accept a plea instead. The Court of Appeals also noted:

Boyd's trial counsel advised him that [his] MySpace messages did not negate the forcible element of his rape charge, and would not be a "magic bullet" as Boyd seems to think. She further explained how the cumulative evidence would be presented at trial: that a prior EPO had been sought against him; that Boyd parked his truck far away and walked to the house; that he entered the home without permission; that he had threatened their son; and that evidence exists that Boyd used a knife. Boyd's trial counsel testified at the evidentiary hearing that she was surprised by the timing of Boyd's decision to plead guilty but she felt it to be prudent after this explanation of the evidence and charges against him.

*Boyd*, 2016 WL 2638248, at *3. The Court of Appeals similarly concluded that the Yahoo! Messenger messages were controlled by Boyd and had similar authentication issues. *Id.* at *4.

As to Boyd's argument that his counsel did not properly advise him of all possible defenses, the Court of Appeals recounted his trial counsel's testimony as to how she advised him and noted that Boyd stated under oath both during entry of his guilty plea and at the evidentiary hearing on the RCr 11.42 motion that "he had no complaints about trial counsel and that he had been properly advised of his defenses and penalties." *Id.* Because his arguments had no merit, the Court of Appeals found no cumulative error. *Id.*

On August 24, 2018, Boyd filed a *pro se* CR 60.02 motion arguing: (1) his guilty plea was invalid because it was not made knowingly, voluntarily, and intelligently where his rights to discovery were violated by not being informed of

-7-

the messages by the Commonwealth and not having the opportunity to depose the victim or have her competency evaluated and being convicted based on false evidence; (2) the Commonwealth created exigent circumstances by coming in to arrest him based on a "supposed gun" and the victim's false statement; (3) he was denied a full and fair hearing when he was denied exculpatory evidence and the Commonwealth objected to the admission of the messages; (4) the circuit court created a condition that made counsel ineffective by denying his motion to depose the victim and not having a competency hearing on the victim; and (5) the Commonwealth suppressed material evidence (regarding the messages).

The circuit court denied Boyd's motion, explaining: Boyd was aware of the allegations in the messages when he pled and this was either the same issue he raised earlier in his RCr 11.42 motion or could have been raised earlier; the motion to depose the victim was properly denied earlier pursuant to RCr 7.10 because there was no reason to believe she could not be called as a witness; there were no exigent circumstances created by the police; Boyd could not be denied a full and fair hearing where he chose to plead guilty; if Boyd wanted to question the victim he should have proceeded to trial but chose to forgo this option by pleading guilty; and there could be no fraud where Boyd knew about the victim's inconsistent statements.

CR 60.02 provides in relevant part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds:  (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.
>
> We review the denial of a CR 60.02 motion for abuse of discretion.

*White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky.App. 2000).

Boyd has not established any grounds for relief pursuant to CR 60.02. There was no mistake, newly discovered evidence, or falsified evidence, and even if there were, such claims would already be time-barred.  There was no fraud affecting the proceedings, nothing void about his conviction, and no other reason of an extraordinary nature justifying relief, and even if there were such claims, they were not brought within a reasonable time where the issues Boyd raised were either already addressed, could have been addressed earlier, or were foreclosed by his decision to plead guilty.

Boyd had full knowledge of the messages he exchanged with the victim prior to pleading guilty as he was a party to the messages and brought them to the attention of his counsel. The Commonwealth had no duty to disclose messages that Boyd already had in his possession. As was explained in the circuit court's denial of Boyd's motion to depose the victim, RCr 7.10 precluded such deposition where the victim was available to testify at trial. Whether the victim was competent to be a witness at trial could have been explored at trial, but it would not have excused Boyd's conduct toward her.

Had Boyd proceeded to trial, if Boyd were ultimately dissatisfied with the outcome, he could have pursued a direct appeal to challenge adverse rulings. By entering his plea, Boyd voluntarily chose to forgo his right to make the Commonwealth prove its case against him and waived his right to present a defense. *Dunlap v. Commonwealth*, 435 S.W.3d 537, 563 (Ky. 2013).

Boyd waived his rights in exchange for a recommendation of a certain outcome capping his total sentence at twenty years. It was a rational choice under the circumstances.

Every ground for relief that Boyd now raises was known or knowable at the time Boyd chose to enter his guilty plea. Postconviction motions are not a work-around to escape the consequences of an intelligent and voluntary guilty plea that a defendant now regrets.

-10-

When Boyd brought his RCr 11.42 motion, he could have also raised the claims of error he attempts to raise here. As discussed in *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983):

> a defendant is required to avail himself of RCr 11.42 . . . as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

Therefore, this is an additional reason why his CR 60.02 claims are foreclosed.

Accordingly, we affirm the Bullitt Circuit Court's order denying Boyd's CR 60.02 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Eric Boyd, *pro se*
Lagrange, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

James C. Shackelford
Assistant Attorney General
Frankfort, Kentucky