RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1135-MR

JOEY LYNN SMITH                                                              APPELLANT

v.              APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KELLY MARK EASTON, JUDGE
ACTION NO. 18-CR-01276

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: Joey Lynn Smith appeals the Hardin Circuit Court's denial of her *pro se* motion for relief under Kentucky Rule of Civil Procedure ("CR") 60.02. Finding no error, we affirm.

On December 13, 2018, a Hardin County Grand Jury indicted Smith on a charge of first-degree robbery. Smith ultimately went to trial and was convicted as charged. This Court explained the facts of Smith's crimes:

On October 25, 2018, Smith; her paramour, Michael Moody; and his brother drove from Nelson County, Kentucky, to the mall in Elizabethtown. Smith entered Belk, a department store, while Moody and his brother initially remained in the van. The manager of Belk saw Smith and recognized her from the week prior when Smith, accompanied by Moody, had attempted to shoplift from the store. The manager apprised Rowe, who worked in loss prevention, of Smith's history.

Rowe proceeded to surveil Smith while she shopped and at one point saw Moody separately in the store. Rowe's surveillance did not go unnoticed. A customer, Richardson, saw Rowe, whom she described as a "sketchy looking guy," lurking behind racks watching Smith. Richardson, unsure if Rowe was loss prevention or a possible stalker, sought and received confirmation of his legitimacy from store staff.

Meanwhile, Rowe observed Smith leave a fitting room with her purse and a tote bag belonging to the store, both filled with merchandise. Smith proceeded toward the store exit – two sets of glass doors separated by a vestibule. Rowe alerted the manager that he was going to make a stop, made visible his staff identification badge, and pursued Smith.

Smith passed the checkout counters and reached the interior set of doors when Rowe confronted her, announced that he was security, and asked her to stop. Smith sped up and continued through the first set of doors to the vestibule. Rowe again announced that he was security and asked her to stop. Smith attempted to proceed out the exterior doors, but Rowe grabbed her shirt. The two then struggled off and on for approximately five minutes. At periods, Smith would calm, and Rowe would release her, only for her to attempt to flee again. Smith yelled to be let go and attempted to headbutt, bite, and elbow Rowe. Rowe was elbowed in the ribs and had his left hand cut open while

holding Smith's arms to restrain her. Smith's purse and the tote bag fell to the floor.

While the struggle was ongoing, Moody, who testified he had only entered the store to locate Smith, left the store from a different exit. He further testified that while walking to the van, he heard Smith screaming from the store behind him. Moody got in the van, drove to the doors where Smith was being restrained, and exited the van. Before entering the store, Moody encountered Richardson who advised him that he should not enter as the police were on their way. In response, Moody backpedaled to the van and retrieved a handgun belonging to Smith.

Armed, Moody entered the vestibule of the store where Rowe had his back to the entrance and Smith was against the wall. Moody chambered a round, pointed the gun at Rowe, and told him to release Smith. Rowe immediately complied. Moody told Smith to get her stuff and go. Smith took her purse, abandoning the tote bag. Moody and Smith left the store, got in the van, sped to another exit of the mall to pick up Moody's brother, and then fled with the van door still open.

The police promptly stopped the van, and Moody and Smith were arrested. Moody's brother was not present, having been dropped off by Moody prior to the stop. Moody testified he told his brother to go because the brother was innocent of any wrongdoing. The Belk merchandise and a handgun were found in the van. When police asked Moody if he knew Smith was shoplifting, Moody stated that he did and indicated the reason he acted was to help Smith.

At the trial, Moody qualified these statements by testifying that he only learned of Smith's shoplifting after they left Belk, denying that they had jointly planned to steal from Belk, and explaining that his only intent was to protect Smith from what he perceived to be an attack by

Rowe. Moody further testified he fled the scene because he was a felon and knew it was illegal for him to possess a firearm. Smith did not testify at trial.

After hearing the testimony, reviewing the video surveillance, and listening to the police dispatch calls placed by the manager and Richardson, the jury found both Smith and Moody guilty of robbery in the first degree. Smith was convicted and sentenced to ten years' imprisonment by the Hardin Circuit Court.

*Smith v. Commonwealth*, No. 2019-CA-1456-MR, 2021 WL 223240, at *1-2 (Ky. App. Jan. 22, 2021). Smith appealed and on January 22, 2021, this Court rendered an opinion affirming her conviction. *Id*. at *1. Smith then filed a motion for relief under CR 60.02(f), and CR 60.03. The circuit court judge denied the motion on August 30, 2022, and this appeal followed.

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

In this case, Smith had an opportunity to attack the judgment under Kentucky Rule of Criminal Procedure ("RCr") 11.42 if she thought the circuit court entered it improperly. RCr 11.42 provides a procedure for a motion to vacate, set aside, or correct sentence for "a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge[.]" Moreover, RCr 11.42

provides that "the motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could *reasonably have been presented in the same proceeding*." (Emphasis added.) Thus, RCr 11.42 forecloses Smith from raising questions under CR 60.02 that are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

Additionally, Smith does not contest the circuit court's findings regarding her CR 60.02 motion. Instead, she raises two new claims, alleging that trial counsel violated her due process rights when they allegedly failed to investigate her case and when the Commonwealth allegedly defined reasonable doubt during *voir dire*.

Because such claims were not set forth in Smith's original CR 60.02 motion but could have been, this Court is precluded from considering them. The Kentucky Supreme Court has been clear that "[a] new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999). In discussing this issue, the Court has explained that "[t]he underlying principle of the rule is to afford an opportunity to the trial court, before or during the trial or hearing, to rule upon the question raised." *Hartsock v. Commonwealth*, 382 S.W.2d 861, 864 (Ky. 1964). We may not review those arguments because, in the absence of a ruling by the trial court, an appellate court

cannot review the alleged error. RCr 9.22; *Todd v. Commonwealth*, 716 S.W.2d 242, 248 (Ky. 1986).

Here, the circuit court had no such opportunity, as Smith's motion made no claim regarding trial counsel's failure to investigate her case or statements made by the Commonwealth during *voir dire*. Therefore, Smith is estopped from raising them now, and they cannot be used as a basis to overturn the circuit court judge's order.

## **CONCLUSION**

Based upon the foregoing, we affirm the judgment of Hardin Circuit Court.

ALL CONCUR.

<table>
<tr><td>BRIEF FOR APPELLANT:</td><td>BRIEF FOR APPELLEE:</td></tr>
<tr><td>Joey Lynn Smith, *pro se*<br>Pewee Valley, Kentucky</td><td>Daniel Cameron<br>Attorney General of Kentucky<br><br>Jenny L. Sanders<br>Assistant Attorney General<br>Frankfort, Kentucky</td></tr>
</table>