RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1096-MR

ANDRA BROWN　　　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　　APPEAL FROM FAYETTE CIRCUIT COURT
v.　　　　　　　　HONORABLE THOMAS L. TRAVIS, JUDGE
　　　　　　　　　CASE NO. 24-CR-00768

COMMONWEALTH OF
KENTUCKY　　　　　　　　　　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

KAREM, JUDGE:  Andra Brown appeals from a Fayette Circuit Court order

denying his motion to amend his sentence.  Upon careful review, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　　On September 24, 2024, in Fayette Circuit Court Case No. 24-CR

00768 ("the misdemeanor case"), Brown was indicted on three felony charges and

three misdemeanor charges which included: two counts of strangulation in the first degree, Class C felonies;[1] one count of unlawful imprisonment in the second degree, a Class A misdemeanor;[2] one count of assault in the fourth degree, domestic violence, a Class A misdemeanor;[3] and, one count of persistent felony offender, a Class B felony.[4] On February 13, 2025, he entered a plea to one count of attempted strangulation, first degree[5] and two counts of assault, fourth degree, domestic violence (minor injury). Notably, all three charges to which he pled were misdemeanors. He was sentenced to twelve months on each charge, to be served concurrently for a total sentence of twelve months. The sentence was ordered to run consecutively to any previous felony sentence Brown had to serve.

Brown committed the offenses leading to the misdemeanor case while he was on pretrial release in another Fayette Circuit Court case, Case No. 23-CR-0036 ("the felony case"). He received a sentence of five years in the felony case. Under the terms of the judgment in the misdemeanor case, his twelve-month sentence and his five-year sentence would be served consecutively.

---

[1] Kentucky Revised Statute ("KRS") 508.170.

[2] KRS 509.030.

[3] KRS 508.030.

[4] KRS 532.080(3).

[5] When the crime attempted is a Class C felony, the amendment to criminal attempt drops the charge to a Class A misdemeanor. KRS 506.010(4)(d).

On April 22, 2025, Brown filed a motion for clarification of status in which he argued that ordering the sentences in the misdemeanor case and the felony case to run consecutively directly conflicted with the terms of KRS 532.110(1)(a), which requires definite and indeterminate sentences to run concurrently.[6] The trial court treated the motion as one to alter, amend, or vacate the judgment pursuant to Kentucky Rule of Civil Procedure (CR) 60.02. It denied the motion on the grounds that KRS 533.060(3) specifies that when a person commits an offense while awaiting trial for another offense or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed shall not run concurrently for the offense for which the person is awaiting trial. Because Brown committed the misdemeanor case offenses while on pretrial release in the felony case, the twelve-month sentence had to be served consecutively to the five-year sentence. This appeal by Brown followed.

**STANDARD OF REVIEW**

We review the trial court's denial of a motion pursuant to CR 60.02 under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs when a "trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

---

[6] KRS 532.090 states, "a sentence of imprisonment for a misdemeanor shall be a definite term[.]" Conversely, KRS 532.060(1) states, "[a] sentence of imprisonment for a felony shall be an indeterminate sentence[.]"

-3-

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). When a claimant succeeds in demonstrating that his sentence "lies outside the statutory limits," it "is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010).

## ANALYSIS

As a preliminary matter, we address the Commonwealth's contention that Brown's motion was procedurally improper because he could have, and should have, brought his claim via direct appeal. As a general rule, CR 60.02 "is for relief that is not available by direct appeal[.]" *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). But sentencing errors are an exception to this principle because "[t]he trial court has inherent authority to correct an unlawful sentence, at any time." *Phon v. Commonwealth*, 545 S.W.3d 284, 308 (Ky. 2018). "Under our Constitution, it is the legislative branch that by statute establishes the ranges of punishments for criminal conduct." *Id*. at 303 (citation omitted). "Illegal sentences must always be correctable. To hold otherwise would fly in the face of the separation of powers doctrine and grant the judiciary powers it was never intended to hold." *Id.* at 307. Accordingly, Brown was not procedurally barred from raising this allegation of sentencing error in a post-conviction motion.

Brown argues that the trial court misapplied our sentencing statutes in

imposing consecutive sentences.  KRS 532.110, which addresses concurrent and

consecutive terms of imprisonment, provides in pertinent part as follows:

> (1) When multiple sentences of imprisonment are
> imposed on a defendant for more than one (1) crime,
> including a crime for which a previous sentence of
> probation or conditional discharge has been revoked, the
> multiple sentences shall run concurrently or
> consecutively as the court shall determine at the time of
> sentence, except that:
>
> > (a) A definite and an
> > indeterminate term shall run
> > concurrently and both sentences
> > shall be satisfied by service of
> > the indeterminate term[.]

KRS 532.110(1)(a).

Under this statutory provision, Brown's twelve-month sentence in the

misdemeanor case would be required to run concurrently with his five-year

sentence in the felony case.  But KRS 533.060(3), the statute relied upon by the

trial court, provides an exception to this rule, requiring a harsher penalty when an

offender commits the offense or offenses in the second case while he is awaiting

trial in the first case:

> When a person commits an offense while awaiting trial
> for another offense, and is subsequently convicted or
> enters a plea of guilty to the offense committed while
> awaiting trial, the sentence imposed for the offense
> committed while awaiting trial shall not run concurrently
> with confinement for the offense for which the person is
> awaiting trial.

KRS 533.060(3).

Brown does not dispute that he committed the offenses which led to his conviction in the misdemeanor case while he was awaiting trial in the felony case. Nonetheless, he argues that the statutory provisions set forth above, KRS 532.110(1)(a) and KRS 533.060(3), are in direct conflict, and that KRS 532.110(1)(a) should prevail.

This apparent conflict was addressed and resolved by this Court in *Brown v. Commonwealth*, 295 S.W.3d 854 (Ky. App. 2009). In that case, the appellant committed several felonies while out on bond and awaiting trial for pending misdemeanor charges. She entered guilty pleas in both cases. The trial court ordered the three-year sentence for the felony crimes to be run consecutively to the twelve-month sentence for the misdemeanor crimes. *Brown*, 295 S.W.3d at 855. She argued that the plain language of KRS 532.110(1)(a) mandated that her sentence in the misdemeanor case be run concurrently with her sentence in the felony case, whereas the Commonwealth argued that KRS 533.060(3) should control. *Brown*, 295 S.W.3d at 856. The Court held "that in cases where either KRS 532.110(1)(a) or KRS 533.060(3) may apply to direct sentencing, KRS 533.060(3) shall control." *Id*. (citing *Handley v. Commonwealth,* 653 S.W.2d 165, 166 (Ky. App. 1983)).

Brown argues, however, that we should adopt the approach taken in *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023), which limited the reach of KRS 533.060(3). In *Kimmel*, the Kentucky Supreme Court addressed the conflict between KRS 533.060(3) and a different subsection of KRS 532.110(1), namely KRS 532.110(1)(c) relating to *multiple felony sentences* (as opposed to, in the case *sub judice*, the combination of a definite sentence in a misdemeanor case and an indeterminate sentence in a felony case). At the time *Kimmel* was decided, KRS 532.110(1)(c) imposed a "sentencing cap" on running *indeterminate* sentences consecutively. It stated:

> The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

*Id.* The *Kimmel* Court addressed what should happen when the maximum sentence authorized under this provision conflicted with KRS 533.060(3), which requires sentences to run consecutively without exception. In order to "harmonize and give effect to both statutes," the *Kimmel* Court concluded that "while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." *Kimmel*, 671 S.W.3d at 239.

The legislature subsequently amended KRS 532.110(1)(c), to ensure that KRS 533.060(3) does prevail. It now states in pertinent part as follows:

> . . . the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed, **except as described in KRS 533.060(2) or (3)**.

KRS 532.110(1)(c). However, the legislature made no such amendment to KRS 532.110(1)(a), the statute governing the combination of definite sentences with indeterminate sentences.

Thus, Brown argues that the logic used by the Supreme Court in *Kimmel*, to rectify the incompatibility of the previous version of KRS 532.110(1)(c), prior to the promulgation of the exception noted in KRS 532.110(1)(c)1., should be applied to the supposed incompatibility of KRS 532.110(1)(a) and KRS 533.060(3). However, this argument ignores the existence of *Brown* which is exactly on point with the case at bar. The Supreme Court has neither overruled *Brown* nor spoken to the interplay of KRS 532.110(1)(a) and KRS 533.060(3). Until it does, we are bound by *stare decisis*. "*Stare decisis,* as noted, is the doctrine or principle that courts should respect their own decisions. For if they do not, then why should anyone else?" *Jenkins v. Commonwealth*, 496 S.W.3d 435, 451 (Ky. 2016). And, in its concise but definitive opinion, this Court in *Brown* resolved this issue until the Supreme Court says otherwise. Moreover,

the Rules of the Kentucky Supreme Court provide that "[o]n all questions of law the circuit and district courts are bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court and, when there are no such precedents, those established in the opinions of the Court of Appeals."  SCR[7] 1.040(5).  Our Opinion in *Brown* is a binding precedent that must be followed.

## CONCLUSION

Because the trial court's denial of the Brown's CR 60.02 motion was in full accordance with our statutes and case law, it was not an abuse of discretion. The order denying the motion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Andra Brown, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky

---

[7] Kentucky Supreme Court Rules.